Petition for Writ of Mandamus Denied and
Memorandum Opinion filed September 20, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-11-00702-CV



In Re Bluebonnet Financial Assets,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS

County Court at
Law No.2

Galveston County

Trial Court Cause No. 62,683



MEMORANDUM
 OPINION

On August 17, 2011, relator Bluebonnet Financial
Assets filed a petition for writ of mandamus in this court.  See Tex.
Gov’t Code Ann. §22.221; see also Tex. R. App. P. 52.  In the petition,
relator asks this court to compel the Honorable Barbara E. Roberts, presiding
judge of the County Court at Law No 2 of Galveston County to vacate her order
denying its motion to reconsider the court’s discovery order.

Background

Relator filed suit against the real party in
interest, Tiburcio Parras for failure to pay his line of credit at Chase Bank. 
Parras counterclaimed asserting wrongful collection and alleging that Chase put
his name on a credit card without his knowledge.  Extensive discovery ensued.  Relator
contends that on July 25, 2011, the trial court, without a written order,
orally ordered relator to produce all balance sheets, profit and loss
statements, financial statements, and tax returns of creditor holdings from
January 1, 2005 to the present.  On July 27, 2011, relator filed a motion to
reconsider on which it expected a hearing August 26.  On August 11, 2011, the
trial court denied the motion to reconsider and ordered relator to produce the
information within seven days.

In response to relator’s petition for writ of
mandamus, the trial court filed findings of fact and conclusions of law.  The
trial court held a hearing on July 25, 2011, and ordered relator to produce its
net worth and earnings for the last five years to the court for an in camera
inspection.  At the hearing, relator advised the court it could produce the
documents for in camera inspection by July 29, 2011.  On July 27, 2011,
relator filed its motion to reconsider, which the trial court denied because
relator’s motion did not properly address the court’s order.  

Relator contends the trial court abused its
discretion in ordering it to comply with a request for production that is
clearly outside the allowable limits of discovery.  Relator, however, failed to
comply with the trial court’s order to produce the documents for in camera
inspection.  Equity is generally not served by issuing an extraordinary writ
against a trial court judge on a ground that the trial judge thus had no
opportunity to address.  In re Le, 335 S.W.3d 808, 814 (Tex.
App.—Houston [14th Dist.] 2001, orig. proceeding).  In this case, relator has
failed to comply with the court’s order to produce the documents in camera. 
Therefore, according to the court’s findings, the trial court did not order
relator to produce discovery to the other party, but ordered relator to produce
the documents for in camera inspection to determine whether they are discoverable 


Because relator did not comply with the court’s
order, it has not established entitlement to the extraordinary relief of a writ
of mandamus.  Accordingly, we deny relator’s petition for writ of mandamus.  The
stay ordered August 18, 2011 is lifted.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Frost, Seymore, and Jamison.