**Petition for Writ of Mandamus Conditionally Granted and Majority and Dissenting Opinions filed January 2, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00681-CV

---

## IN RE PLATINUM ENERGY SOLUTIONS, INC., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-30972**

---

## D I S S E N T I N G   O P I N I O N

In this mandamus proceeding, relator Platinum Energy Solutions, Inc. asserts the trial court clearly abused its discretion by issuing two orders denying Platinum's motion for protective order, overruling Platinum's discovery objections, and compelling Platinum to produce documents requested by the real parties in interest. Platinum seeks mandamus relief commanding the trial court to vacate these two orders and to issue an order granting the requested protection. Platinum does not complain that the trial court failed to address expressly whether

the requested documents at issue are within the scope of the discovery allowed by section 21.556(a) of the Texas Business Organizations Code; rather, Platinum complains that the trial court abused its discretion by determining that the requested documents are within the scope of that provision and are discoverable. It is unclear what mandamus relief this court is granting. And, contrary to binding precedent, this court grants mandamus relief without identifying any abuse of discretion by the trial court.

To the extent the majority concludes that the trial court abused its discretion by failing to state expressly in its orders whether the requested documents are within the scope of the discovery allowed by section 21.556(a),[1] the trial court was not required to make such a statement, and Platinum does not assert that the trial court abused its discretion by failing to do so. To the extent the majority concludes that the trial court abused its discretion by applying Nevada law under section 21.562(a) rather than Texas law under section 21.556(a), the majority contravenes the legal principle that the trial court is presumed to have correctly applied the law. Because the record does not reflect whether the trial court applied Nevada law under section 21.562(a) or Texas law under section 21.556(a) in making the challenged rulings, this court must presume that the trial court correctly applied Texas law under section 21.556(a). Thus, the trial court did not apply Nevada law under section 21.562(a), and there is no basis for a conclusion that the trial court abused its discretion in this regard.

---

[1] Unless otherwise specified, all statutory references in this opinion are to the Texas Business Organizations Code.

2

This court should ascertain the extent to which the documents requested are outside the scope of the discovery allowed by section 21.556(a) and grant mandamus relief to the extent, if any, the trial court compelled production of these documents.

## What relief is this court granting?

Today, the court issues a final ruling in this mandamus proceeding. In doing so, the court adjudicates all issues and lifts the stay.  But, the court's opinion raises as many questions as it answers.  Platinum asks this court to grant mandamus relief ordering the trial court to vacate the two challenged orders and to issue an order granting Platinum's motion for protection.  The majority twice states that this court is conditionally granting Platinum's petition for writ of mandamus, which means that this court is ordering the trial court to vacate the two challenged orders and to issue an order granting Platinum's motion for protection; yet, the majority does not state specifically that this court is granting this relief. The majority *does* specifically direct the trial court to "make an express determination as to the 43 categories of documents at issue, and to determine whether these categories pertain to one or more of the areas of inquiry allowed by section 21.556(a)," but Platinum has not requested this relief. Moreover, this language suggests that this court may be dismissing Platinum's mandamus petition for lack of ripeness under the theory that Platinum's petition is not ready for review unless and until the trial court makes such an express determination.  The parties and the trial court are entitled to an unambiguous ruling on the petition and to a clear statement of the relief this court is granting.

3

## What was the trial court's abuse of discretion?

Before this court may conditionally grant mandamus relief, it first must determine that the trial court abused its discretion.[2] Yet, the majority conditionally grants mandamus relief without making any such determination. The closest the majority comes is when it states: "Therefore, the trial court acted beyond its discretion *insofar as* it required production of the 43 categories of documents at issue to occur based on a determination that section 21.562(a) governs this inquiry"[3] But, the majority never states whether the trial court required this production based on such a determination.[4] Thus, contrary to binding precedent, the majority conditionally grants mandamus relief without determining that the trial court abused its discretion.[5]

---

[2] *See In re Bass*, 113 S.W.3d 735, 738 (Tex. 2003) (holding appellate court cannot grant mandamus relief absent determination that trial court abused its discretion); *In re Labidi*, 287 S.W.3d 922, 926 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (holding appellate court cannot grant mandamus relief absent showing by relator that trial court abused its discretion).

[3] *Ante* at p.13 (emphasis added).

[4] As discussed below, under binding precedent, the trial court did not require production of any documents based on a determination that section 21.562(a) governs this inquiry. This court must presume that the trial court correctly applied Texas law and section 21.556(a), and nothing in the record rebuts this presumption. *See Nexen, Inc. v.Gulf Interstate Engineering Co.*, 224 S.W.3d 412, 416–17 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *Ex parte Jackson*, 911 S.W.2d 230, 234 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding [hab. denied]); *State Nat'l Bank v. Academia, Inc*., 802 S.W.2d 282, 290 (Tex. App.—Corpus Christi 1990, writ denied).

[5] *See In re Bass*, 113 S.W.3d at 738; *In re Labidi*, 287 S.W.3d at 926.

**Is it right to grant mandamus relief based on the trial court's failure to make an express statement in its orders as to whether the requested documents are within the statutory scope of discovery?**

The majority correctly concludes that section 21.556, entitled "Discovery," governs today's discovery dispute and that the minority shareholders are limited to discovery addressing (1) whether the Special Litigation Committee is independent and disinterested; (2) whether the committee's inquiry and review was undertaken in good faith; and (3) the reasonableness of the procedures followed by the committee in conducting the review.[6] The majority then proceeds to grant mandamus relief without specifying how the trial court abused its discretion. The majority notes that, in the challenged orders, the trial court did not "expressly address whether the minority shareholders are entitled to production of the 43 categories at issue in light of section 21.556's specific discovery limits."[7] The majority then directs the trial court to issue an order expressly stating whether the trial court has concluded that these 43 categories of documents are within the scope of discovery permitted by section 21.556(a).[8] Thus, the majority appears to base this court's decision to grant mandamus relief on a conclusion that the trial court abused its discretion by failing to state expressly in its orders whether the requested documents are within the scope of the discovery allowed by section 21.556(a). If this is the basis for today's mandamus relief, it is not supported by the law or the record.

---

[6] *See* Tex. Bus. Orgs. Code Ann. § 21.556(a).

[7] *Ante* at p. 13.

[8] *See ante* at p. 14.

5

***The trial court did not abuse its discretion by failing to state expressly in its orders whether the requested documents are within the scope of the discovery allowed by section 21.556(a).***

In its motion for protective order, Platinum asserted that (1) the trial court should issue an order protecting Platinum from producing any documents beyond the documents Platinum produced before filing the motion; (2) the trial court should limit the required production to five categories of documents; (3) section 21.556(a) applies to the discovery process in the underlying suit, and the 45 document requests are overbroad and encompass documents outside the scope of the discovery allowed by this statute; and (4) the trial court should issue an order disallowing the requested discovery. In their response, real parties in interest Starstream Capital, LLC, Robert E. Chamberlain, Jr., Martha Derrick, Marvel K. Mann, and John Dinn Mann (hereinafter the "Shareholders") asserted that under section 21.562(a), Nevada law, rather than Texas law, applies to the discoverability of the requested documents.[9] Though Platinum's primary argument always has been that Texas law and section 21.556(a) apply to this discovery dispute, Platinum also has argued in the alternative that it would be entitled to a protective order even if Nevada law applies.

As Platinum points out in its mandamus petition, at a hearing on its motion for protective order, (1) Platinum argued that section 21.556(a) applies to the

---

[9] The Shareholders asserted that, to the extent Nevada law applies, Nevada courts would follow Delaware law on such issues, and the Shareholders briefed these issues under Delaware law. Nonetheless, even presuming that Nevada courts would follow Delaware precedent on these issues, under the Shareholders' argument, this court still would be applying Nevada law rather than Delaware law. Therefore, in this opinion, this alternative is described as applying Nevada law rather than as applying Delaware law.

underlying case; (2) the trial court and counsel discussed section 21.556(a)'s limits on discovery, and (3) without ruling on the motion at that time, the trial court indicated it was inclined to conclude that all 45 document requests are within the scope of the discovery allowed by section 21.556(a). After taking the motion under advisement, the trial judge acted on his stated inclination and signed an order denying Platinum's motion for protective order "in its entirety." Using this language is the same as saying the motion is "in all things" denied, and in the context of the denial of a motion, it means every individual part of the motion is refused. Under the unambiguous language of the trial court's order, the trial court denied every single request in Platinum's motion.[10] Thus, in its July 15, 2013 order, the trial court ruled that (1) Platinum is not entitled to protection from producing any documents beyond the documents Platinum already produced; (2) the required production of documents should not be limited to five categories of documents; and (3) the Shareholders' 45 document requests are not overbroad and do not encompass documents outside the scope of the discovery allowed by section 21.556(a).[11]

In its October 21, 2013 order, the trial court addressed a second time the issue of whether the requested documents are within the scope of the discovery allowed by section 21.556(a). The Shareholders moved to compel production of

---

[10] *See Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Production, Inc.*, 234 S.W.3d 679, 693 & n.9 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (concluding that, although trial court expressly referred to only one ground for granting the motion to dismiss in its dismissal order, the trial court dismissed on both grounds asserted because the trial court stated that it granted the motion "in all things," which means that the court dismissed based on all the grounds in the motion).

[11] *See id.*

7

the 45 categories of requested documents. In response, Platinum asserted that (1) Texas law and section 21.556(a) apply to this discovery dispute; (2) the requested discovery is overbroad and exceeds the scope of permissible discovery under section 21.556(a); and (3) Platinum has produced all documents within the scope of discovery permitted under section 21.556(a) and therefore no further production should be ordered. Though, from the beginning, Platinum's chief argument has been that Texas law and section 21.556(a) apply to this discovery dispute, Platinum also has asserted the alternative argument that the motion to compel should be denied even if Nevada law applies. The trial court granted the Shareholders' motion to compel production of the requested documents, despite Platinum's argument that section 21.556(a) barred this discovery, and the trial court expressly overruled Platinum's objections to 43 discovery requests,[12] including objections that the requests are overbroad and exceed the scope of permissible discovery under applicable law.

The majority is simply incorrect to the extent it concludes the trial court abused its discretion by failing to state expressly in its orders whether the requested documents are within the scope of the discovery allowed by section 21.556(a).[13] The majority cites no authority requiring the trial court to make such an express statement, and such a requirement is contrary to precedent from the Supreme Court

---

[12] The trial court did not rule on the objections to requests 5 and 6 because the Shareholders withdrew these two requests at the hearing on their motion to compel. Therefore, only 43 of the original 45 requests are currently at issue.

[13] *See ante* at p. 12–14.

8

of Texas, this court, and sister courts of appeals.[14]  There is no requirement that the trial court recite its rationale or detail its reasoning.  All that is required is a ruling.  And, usually that is all that is given.

For example, in *In re Sears, Roebuck & Co.*, this court granted mandamus relief as to two orders compelling discovery because the discovery requests were overbroad.[15]  This court concluded that the trial court sufficiently addressed the overbreadth issues and that the two orders were ready for mandamus review even though in the orders the trial court did not expressly provide an overbreadth

---

[14] *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 555–56 (Tex. 1990) (stating that, before a discovery issue may be reviewed in an original mandamus proceeding, the trial court must have denied a motion raising that issue, without imposing any requirement that the trial court explicitly detail its reasoning or explicitly state the various issues it determined in ruling on the motion); *Douglas v. Redmond*, No. 14-12-00259-CV, 2012 WL 5921200, at *7 (Tex. App.— Houston [14th Dist.] Nov. 27, 2012, pet. denied) (holding that, when trial court does not specify the basis for its ruling in its order, appellate courts must uphold the order on any legal theory supported by the record) (mem. op.); *In re Kenefick*, No. 14-08-00203-CV, 2008 WL 3833842, at *5–6 (Tex. App.—Houston [14th Dist.] Aug. 19, 2008, orig. proceeding) (holding that by granting a motion to compel discovery, the trial court implicitly overruled all of the resisting party's discovery objections, even though the trial court did not explicitly state in its order that it was overruling these objections); *Nexen, Inc. v. Gulf Interstate Engineering Co.*, 224 S.W.3d 412, 416–17 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (finding no error and proceeding to adjudicate merits of case in which trial court did not specify whether its ruling was based upon Texas law or Alberta law, in case in which there was a conflict-of-laws issue); *In re Sears, Roebuck & Co.*, 123 S.W.3d 573, 575 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (holding that trial court necessarily overruled defendant's objections to plaintiffs' 142 discovery requests by granting plaintiffs' motion to compel discovery, even though, in its order, the trial court expressly stated that it was not ruling on the defendant's discovery objections); *In re Texas Prop. & Cas. Ins. Guar. Ass'n*, 989 S.W.2d 880, 882 (Tex. App.—Austin 1999, orig. proceeding) (holding, in a mandamus proceeding, that trial court's order must be upheld on any theory supported by the record, even though the trial court did not state any basis for its ruling in the order); *State Nat'l Bank v. Academia, Inc.*, 802 S.W.2d 282, 290 (Tex. App.—Corpus Christi 1990, writ denied) (finding no error in trial court's failure to specify whether its ruling was based upon Texas law or Illinois law, in case in which there was a conflict-of-laws issue, and proceeding to adjudicate merits of the case).

[15] *See* 123 S.W.3d at 575–80.

analysis, or address the issue at all.[16] The trial court simply compelled discovery without explaining its reasoning.[17] Not only did the trial court fail to make an explicit statement of the basis for its ruling on the defendant's objections to the 142 discovery requests, the trial court expressly stated it was not ruling on these objections.[18] This court held that, by granting the plaintiffs' motion to compel discovery, the trial court necessarily overruled the defendant's objections.[19] While explanations are often helpful, usually appreciated, and sometimes included, they are not required in an order compelling discovery or granting protection from it. A trial court need not expressly state the reasoning behind its rulings nor identify which of the losing party's arguments the trial court is rejecting.[20] By making its discovery ruling, a trial court impliedly considers and rejects all of the losing party's arguments.[21] That is precisely what happened in today's case. The trial court did not abuse its discretion when it failed to make an express statement in its orders that the requested documents are within the scope of the discovery allowed by section 21.556(a).[22]

---

[16] *See id*. at 575–76.

[17] *See id*.

[18] *See id*. at 575.

[19] *See id*.

[20] *See Axelson, Inc.*, 798 S.W.2d at 555–56; *In re Kenefick*, 2008 WL 3833842, at *5–6; *Nexen, Inc.*, 224 S.W.3d at 416–17; *In re Sears, Roebuck & Co.*, 123 S.W.3d at 575; *In re Texas Prop. & Cas. Ins. Guar. Ass'n*, 989 S.W.2d at 882; *State Nat'l Bank*, 802 S.W.2d at 290.

[21] *See In re Kenefick*, 2008 WL 3833842, at *5–6; *In re Sears, Roebuck & Co.*, 123 S.W.3d at 575.

[22] *See Axelson, Inc.*, 798 S.W.2d at 555–56; *In re Kenefick*, 2008 WL 3833842, at *5–6; *Nexen, Inc.*, 224 S.W.3d at 416–17; *In re Sears, Roebuck & Co.*, 123 S.W.3d at 575; *In re Texas Prop. & Cas. Ins. Guar. Ass'n*, 989 S.W.2d at 882; *State Nat'l Bank*, 802 S.W.2d at 290.

***Even if it were an abuse of discretion for the trial court to fail to state expressly in its orders whether the requested documents are within the scope of the discovery allowed by section 21.556(a), mandamus relief still would not be appropriate because the trial court has not refused a request that it make such an express statement.***

Mandamus relief generally requires a predicate request for an action and a refusal of that request.[23] But, the requirement that there be a predicate request and an adverse ruling is excused when such a request would have been futile and the trial court's refusal is little more than a formality.[24] To determine whether a request would have been futile, the reviewing court examines whether the request would have added anything for the trial court's consideration.[25] Platinum moved for a protective order, and the trial court ruled on that motion. The Shareholders moved to compel production of the requested documents, and the trial court ruled on that motion and overruled Platinum's discovery objections. Even if, contrary to the above analysis, there were a requirement that the trial court expressly state in its order that all of the requested documents are within the scope of the discovery allowed by section 21.556(a), a failure to satisfy that requirement would not be a basis for granting mandamus relief in this proceeding because no party requested that the trial court make such a statement in its orders, and thus the trial court did not refuse any such request. And, because such a request would have added something for the trial court's consideration and would not have been futile, even

---

[23] *Axelson, Inc.*, 798 S.W.2d at 556.

[24] *See In re Le,* 335 S.W.3d 808, 814–15 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).

[25] *See id.*

11

if an express-statement requirement existed, the failure to meet it would not provide a basis for granting today's mandamus relief.[26]

## Is mandamus relief appropriate based upon the trial court's purported application of Nevada law?

The majority conditionally grants mandamus relief and states that the trial court abused its discretion to the extent it required production of the 43 categories of documents at issue based upon Nevada law under section 21.562(a). Though the majority does not state whether the trial court required this production based upon Nevada law under section 21.562(a),[27] the majority appears to base its decision to grant mandamus relief on a conclusion that the trial court abused its discretion by applying Nevada law under this provision. This possible basis for mandamus relief is not supported by the law or the record.

### *Under binding precedent, this court must presume that the trial court based its discovery rulings upon section 21.556(a) and Texas law rather than Nevada law under section 21.562(a).*

Under Texas law, in both original proceedings and appeals, the trial judge is entitled to a presumption that he correctly applied the law.[28] If nothing in the record rebuts this presumption, then the trial court is deemed to have applied the law correctly in making its ruling.[29] Specifically in the context of conflict-of-laws issues, appellate courts have held that, if the parties dispute which jurisdiction's

---

[26] *See Axelson, Inc.*, 798 S.W.2d at 556; *In re Le,* 335 S.W.3d at 814–15.

[27] *See ante* at p.12–14.

[28] *Vickery*, 5 S.W.3d at 251; *Ex parte Jackson*, 911 S.W.2d at 234.

[29] *Vickery*, 5 S.W.3d at 251; *Ex parte Jackson*, 911 S.W.2d at 234; *Nexen, Inc.*, 224 S.W.3d at 416–17; *State Nat'l Bank*, 802 S.W.2d at 290.

12

law should be applied and the record does not reflect which jurisdiction's law the trial court applied, appellate courts should presume that the trial court applied the law of the jurisdiction that should have been applied under a correct legal analysis.[30]

Platinum and the Shareholders dispute whether Texas law and section 21.556(a) apply or whether under section 21.562(a), Nevada law applies. Under a correct legal analysis, the trial court should have applied Texas law and section 21.556(a) rather than Nevada law under section 21.562(a). Nothing in the record shows that the trial court did the latter. Therefore, under binding precedent, the trial court is deemed to have done the former and to have held that all requested documents fall within the scope of the discovery allowed under section 21.556(a).[31] By not basing this court's analysis on the presumption that the trial court applied Texas law and section 21.556(a), today's decision conflicts with precedents from this court and from the other Houston-based court of appeals.[32]

---

[30] *See Nexen, Inc.*, 224 S.W.3d at 416–17 (holding that court of appeals would presume that the trial court correctly applied Alberta law rather than Texas law because appellate courts presume the trial court correctly analyzed the conflict-of-laws issues and applied the correct law and because the record was silent as to which jurisdiction's law the trial court applied in making the challenged ruling); *State Nat'l Bank*, 802 S.W.2d at 290–91 (holding that court of appeals would presume that the trial court correctly applied Illinois law rather than Texas law because appellate courts presume the trial court correctly analyzed the conflict-of-laws issues and applied the correct law and because the record was silent as to which jurisdiction's law the trial court applied in making the challenged ruling).

[31] *Vickery*, 5 S.W.3d at 251; *Ex parte Jackson*, 911 S.W.2d at 234; *Nexen, Inc.*, 224 S.W.3d at 416–17; *State Nat'l Bank*, 802 S.W.2d at 290.

[32] *See Vickery*, 5 S.W.3d at 251; *Ex parte Jackson*, 911 S.W.2d at 234; *Nexen, Inc.*, 224 S.W.3d at 416–17. The First Court of Appeals District and the Fourteenth Court of Appeals District both are composed of the counties of Austin, Brazoria, Chambers, Colorado, Fort Bend, Galveston, Grimes, Harris, Waller, and Washington. *See* Tex. Gov't Code Ann. 22.201 (West 2013).

13

Instead of creating confusion in the law and uncertainty in the region's jurisprudence, this court should presume that the trial court applied Texas law and determined that all requested documents fall within the scope of the discovery allowed under section 21.556(a).

### *This court must uphold the trial court's orders under any legal theory supported by the record.*

In both appeals and original proceedings, if the trial court does not specify the basis of its order, this court must uphold the trial court's order under any legal theory supported by the record.[33] The majority determines that Texas law and section 21.556(a) apply rather than Nevada law. Thus, to the extent the record reflects that the requested documents fall within the scope of the discovery allowed under section 21.556(a), the trial court did not abuse its discretion in compelling their production. But, rather than deciding whether the trial court abused its discretion by impliedly determining that all requested documents fall within the scope of section 21.556(a), the majority conditionally grants mandamus relief and orders the trial court to make an express determination regarding the extent to which the discovery of the documents requested is permitted by section

---

[33] *See Douglas*, 2012 WL 5921200, at *7 (holding that, when trial court does not specify the basis for its ruling in its order, appellate courts must uphold the order on any legal theory supported by the record); *In re Texas Prop. & Cas. Ins. Guar. Ass'n*, 989 S.W.2d at 882 (holding, in a mandamus proceeding, that trial court's order must be upheld on any theory supported by the record, even though the trial court did not state any basis for its ruling in the order).

21.556(a).[34]    This decision conflicts with precedents requiring that this court uphold the trial court's order under any legal theory supported by the record.[35]

### Is today's new rule a good idea?

Texas trial courts have limited time and limited resources. This combination makes it challenging for them to issue written orders that detail their legal reasoning and conclusions, especially when the ruling resolves a discovery dispute that involves dozens of document requests and multiple objections to these requests. Though in some areas of the law, trial courts are required to express their reasoning and legal conclusions, there is no such requirement for rulings on quotidian discovery disputes.[36] The majority's new rule, if followed in the future, will impose an unwarranted burden on trial courts, unnecessarily increase the cost of litigation, and delay the resolution of disputes, all without any apparent benefit. Worse yet, the new rule will inflict collateral damage in the form of a split of authority in the ten-county jurisdiction this court shares with the First Court of Appeals. Discovery disputes should be resolved quickly and efficiently. Today's ruling obliges a trial judge to express reasoning and conclusions as to each possible ground underlying every discovery ruling or risk being ordered to do so by writ of mandamus. Trial judges that undertake the task will have a substantial new burden on their time and resources and those that do not will be forced into an unwelcome

---

[34] *See ante* at pp. 12–14.

[35] *See Douglas*, 2012 WL 5921200, at *7; *In re Texas Prop. & Cas. Ins. Guar. Ass'n*, 989 S.W.2d at 882.

[36] *See Axelson, Inc.*, 798 S.W.2d at 555–56; *Douglas*, 2012 WL 5921200, at *7; *In re Kenefick*, 2008 WL 3833842, at *5–6; *Nexen, Inc.*, 224 S.W.3d at 416–17; *In re Sears, Roebuck & Co.*, 123 S.W.3d at 575; *In re Texas Prop. & Cas. Ins. Guar. Ass'n*, 989 S.W.2d at 882; *State Nat'l Bank*, 802 S.W.2d at 290.

ping-pong match, in which they serve the ruling and the appellate court returns it for an express statement of the trial court's reasons. Because trial courts often do not express their reasoning and legal conclusions in discovery orders, the majority's new rule will result in this court granting "extraordinary" relief in very ordinary circumstances. If mandamus relief is granted on this purely procedural basis, what could have been resolved in a single mandamus proceeding will require repeat visits to the appellate court.

If the trial judge in this proceeding does not change his mind, then he will sign an order expressly stating that each category of requested documents falls within the scope of the discovery allowed under section 21.556(a) and the disputed documents are discoverable. If the trial judge does change his mind, then he will issue a different order specifying the extent to which he concludes that the requested discovery falls within the scope of the discovery allowed under section 21.556(a) and is discoverable. In either event, unless Platinum and the Shareholders both are satisfied with the trial court's order, this court is likely to see yet another mandamus petition, and the next time this court will have to answer the same question presented today—*To what extent, if any, do the requested documents fall within the scope of the discovery allowed by section 21.556(a)*? It would be more efficient—and in keeping with binding precedent—to apply the existing rule.

For all of these reasons, this court should determine today the extent, if any, the documents requested fall outside the scope of the discovery permitted by section 21.556(a) and grant mandamus relief to the extent the trial court compelled

discovery or denied protection as to these documents.  Because this court chooses not to do so, I respectfully dissent.

/s/ Kem Thompson Frost
   Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.  (Boyce, J., majority).