**In re Michele LE, Relator.**

**Nos. 14–11–00132–CV, 14–11–00156–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 3, 2011.

Trang Quoc Tran, Thomas L. Woodall, Houston, for Appellant in No. 14-09-00092-CV.

Andrew Hideki Iwata, Thomas L. Woodall, Houston, for Appellant in No. 14-11-00156-CV.

Charles Alfred Sturn, Jerome O. Fjeld, James Martin Juranek Jr., Houston, for Appellee.

Panel consists of Chief Justice HEDGES and Justices FROST and CHRISTOPHER.

**MAJORITY OPINION**

KEM THOMPSON FROST, Justice.

Relator Michele Le has filed two related petitions for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex.R.App. P. 52. In the first, filed on February 22, 2011, and docketed under cause number 14-11-00132-CV, relator complains that respondent, the Honorable Kyle Carter, presiding judge of the 125th District Court of Harris County, abused his discretion in ordering "death penalty" sanctions in the underlying case styled *Luong Le, Individually and as President and Treasurer of Lindsay Realty Services, LLC v. Nhu Thi Le, a/k/a Michele Le, Panda Village Management, LLC and Lindsay Realty Services, LLC.* In the second, filed on February 28, 2011, and docketed under cause number 14-11-00156-CV, relator complains that the respondent abused his discretion by making monetary sanctions due and payable before rendition of a final judgment. We grant relator's motion to consolidate these two proceedings. Relator also filed a motion to stay the trial scheduled to commence during the two-week period beginning March 7, 2011. See Tex.R.App. P. 52.10(a). In her motion, relator also seeks to stay the sanctions order and any future contempt hearings.

## Background

Relator and her brother, Luong Le, are principals of Lindsay Realty Services, LLC, which was formed to purchase and manage over one hundred condominium units at a complex in Houston, Texas. In July of 2008, real party in interest Luong Le, individually and as president and treasurer of Lindsay Realty Services, LLC (hereinafter, Plaintiff), filed suit against relator Michele Le, Lindsay Realty, and Panda Village Management LLC, asserting, among other claims, that relator committed fraud and breach of fiduciary duty related to the management of the condominium units.[1]

### *Discovery*

A few months later, in September 2008, Plaintiff noticed relator's deposition for October 10, 2008, and served a subpoena duces tecum. Relator filed a motion to quash the deposition, which the trial court denied on October 8, 2008. The trial court ordered relator's deposition to be taken on November 11, 2008, and ordered relator to comply with the duces tecum, with the exception of request numbers 20 and 21. In the order, the trial court admonished relator that failure to comply would result in appropriate sanctions. Relator appeared for her deposition and produced eleven boxes of documents in response to the duces tecum. But relator did not provide the Lindsay Realty financial records on QuickBooks, as requested. Apparently, the deposition was then adjourned until these records were produced.

Plaintiff then served a second request for production on relator.[2] In January 2010, Plaintiff filed a second motion to compel, and on March 3, 2010, the trial court granted the motion. The trial court included an order to produce the previously requested QuickBooks disks, and imposed a $500 sanction against relator for discovery abuse. Relator then provided QuickBooks on disks, but the disks were password protected. When Plaintiff obtained the password and his financial expert was able to review the disks, the expert concluded that they were in an altered format and contained redactions. The expert opined that the missing data would aid Plaintiff in the investigation and litigation of his claims.

Plaintiff has provided this court with a copy of a third request for production served on relator in April of 2010. These requests included requests for emails between relator and five other individuals, and Plaintiff asserts the emails have not been produced. Relator has not addressed these requests in her mandamus petitions.

When relator failed to respond to Plaintiff's request for production, Plaintiff incurred the expense of procuring the requested documents by depositions on written questions. Relator moved to quash the depositions on written questions and, on May 17, 2010, the trial court denied relator's motion. The trial court ordered the depositions to proceed. The trial court also ordered relator to identify other bank accounts, and Plaintiff asserts that relator has not done so.

Plaintiff, on October 7, 2010, filed his third motion to compel compliance with the trial court's discovery orders.[3] In this mo-

1. The exact nature of the underlying dispute is unclear; our mandamus record does not include the pleadings below.

2. Plaintiff has asserted that relator has not responded to this request and that these documents have never been produced.

3. Relator did not include the exhibits to the motion in the mandamus record, but Plaintiff provided them with his response.

tion, Plaintiff requested both monetary sanctions and "death penalty" sanctions. A few months later, on December 3, 2010, Plaintiff supplemented his motion, detailing the alleged discovery abuses. Plaintiff asserted that "death penalty" sanctions were warranted because of relator's discovery abuses, failure to pay the $500 sanctions ordered on March 3, 2010, failure to provide account numbers ordered on May 17, 2010, and failure to supplement discovery after her objections were overruled. Plaintiff provided an affidavit asserting that relator's discovery abuse had prejudiced Plaintiff by "causing a delay in discovery and by failing to provide discoverable documents and information." Relator filed a supplemental response to Plaintiff's subpoena duces tecum on December 3, 2010, in which she asserted that she had produced the responsive documents in her possession in most instances and would provide additional documents before the sanctions hearing.[4]

### *"Death Penalty" Sanctions*

The trial court conducted a hearing on December 6, 2010.[5] At the hearing, Plaintiff argued that because of relator's delays, there is not enough time to complete necessary discovery before the March 7, 2011, trial setting. After the hearing, relator filed a document seeking to demonstrate her compliance with the court's orders. Plaintiff filed a post-hearing supplement detailing some of the documents that relator had not produced.[6] Relator responded and asserted that she did not have possession of the documents that Plaintiff alleged she failed to produce. The trial court, on January 21, 2011, signed the order that is the subject of relator's first mandamus petition. In that order the trial court recited its findings, including the following:

1. The trial court issued an order on October 8, 2008, for relator to appear for the continuation of her deposition and produce documents requested in the notice of deposition duces tecum (with two exceptions) on or before November 11, 2008, and admonished relator that appropriate sanctions would be imposed for failure to comply;
2. The trial court issued an order on March 3, 2010, sanctioning relator $500 for discovery abuse and ordering her to appear for the continuation of her deposition on or before April 1, 2010;
3. Relator failed to comply with the March 3, 2010, order;
4. Relator failed to comply with the trial court's May 17, 2010, order for production of title company and bank records, forcing Plaintiff to seek the information directly from these nonparties by depositions on written questions;
5. Relator's attorneys were served on October 29, 2010, with a notice and subpoena duces tecum for relator to appear for her previously ordered deposition on December 6, 2010; and

4. Relator indicates that she filed a response to the motion for sanctions, but it is not included in the mandamus record. Our record contains a short supplemental response filed December 3, 2010. In the response, relator asserted that Plaintiff would be provided with the remaining discovery before the hearing, and attached the above-referenced supplemental response to Plaintiff's subpoena duces tecum.

5. Relator did not provide a record of the hearing with either petition, as required by Texas Rule of Appellate Procedure 52.7. *See* Tex.R.App. P. 52.7(a)(2) (requiring relator to file a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced). Plaintiff provided a copy with his response.

6. Relator did not include Plaintiff's post-hearing supplement in her mandamus record, but Plaintiff has provided a copy.

6. Relator unilaterally cancelled the deposition on November 17, 2010.

The trial court ordered relator's pleadings stricken and barred relator from presenting evidence at trial. The trial court further ordered relator to appear for her deposition at a date convenient to Plaintiff and to bear reasonable costs and attorney's fees, not to exceed $8,500 for the deposition. The trial court sanctioned relator $8,000 in attorney's fees, $4,000 for the costs of examining the accounting records on QuickBooks, and $11,392.95 for the costs of obtaining discovery by depositions on written questions. The trial court further ordered that relator will be sanctioned $500 per day for each day of noncompliance with the order. Even though the order was not signed until January 21, 2011, the monetary sanctions were ordered to be paid by December 21, 2010.

In the sanctions order the trial court also set forth findings that relator's actions had shown "flagrant bad faith and callous disregard for the discovery process." *See TransAmerican Nat. Gas Corp. v. Powell,* 811 S.W.2d 913, 918 (Tex.1991) (holding that "death penalty" sanctions should not be assessed absent a party's flagrant bad faith conduct or counsel's callous disregard of the rules). The order contains findings that relator's discovery abuses justify the presumption that her claims and defenses lack merit, that lesser sanctions have been tested, the conduct warranting sanctions is attributable to relator, and monetary sanctions alone would be ineffective. *See id.* at 916 (holding that where a party has refused to produce material evidence despite the imposition of lesser sanctions, the court may presume that asserted claims or defenses lack merit and strike the party's pleadings).

Relator filed a motion on February 11, 2011, asking the trial court to reconsider its sanctions order. No hearing was set on the motion. Relator then filed a petition for writ of mandamus in this court and requested a stay of the upcoming trial.

***Requests for Mandamus Relief***

In her first mandamus petition, relator raises two issues asserting that the trial court abused its discretion by striking her pleadings and prohibiting her from presenting evidence at the trial, and that she has no adequate remedy by appeal. Relator did not challenge the monetary sanctions in her first mandamus petition. This court requested a response to the motion for stay. Plaintiff filed the response on February 28, 2011, and on that same day, relator filed a second petition for writ of mandamus, docketed under cause number 14–11–00156–CV, in which she asserts that the trial court abused its discretion by making the monetary sanctions due and payable before rendition of a final judgment and that she has no adequate remedy by appeal, relying upon *Braden v. Downey,* 811 S.W.2d 922, 929 (Tex.1991).[7]

In the meantime, the trial court signed an amended sanctions order on February 15, 2011, correcting the date that the monetary sanctions were due to be paid, and ordering the sanctions paid within seven days of the order. The amended order contains the same "death penalty" sanctions and is in all other material respects the same as the January 21, 2011 order. Because the original sanctions order that is the basis of relator's first mandamus petition has been replaced by the February 15, 2011, order, relator has incorporat-

7. Other than a general complaint that the monetary sanctions will continue to accumulate, relator has not briefed any specific challenge to the admonishment in the order that noncompliance would result in additional sanctions of $500 per day for each day of noncompliance.

ed the arguments from her first petition in the new mandamus petition.

### Standards for Mandamus Review

Mandamus relief is available to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004). In determining whether the trial court clearly abused its discretion, we may not substitute our judgment for that of the trial court. *In re Sanders*, 153 S.W.3d 54, 56 (Tex.2004). A trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports the trial court's decision. *IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 445 (Tex.1997).

### Inadequate Record

It is especially important to note that, in imposing "death penalty" sanctions, the trial court may properly consider everything that has occurred during the history of the litigation and is not limited to considering only the last violation of the discovery rules. *See Jefa Co. v. Mustang Tractor and Equip. Co.*, 868 S.W.2d 905, 910 (Tex.App.-Houston [14th Dist.] 1994, writ denied); *White v. Bath*, 825 S.W.2d 227, 230 (Tex.App.-Houston [14th Dist.] 1992, writ denied); *Berry–Parks Rental Equip. Co. v. Sinsheimer*, 842 S.W.2d 754, 757 (Tex.App.-Houston [1st Dist.] 1992, no writ). Likewise, in assessing the propriety of the "death penalty" sanctions, this court must be able to evaluate the trial court's ruling in light of the history of the litigation. The mandamus record before this court is inadequate for the task.

This court cannot make a sound decision based on an incomplete picture. But that is precisely what relator is asking us to do by her failure to provide a sufficient mandamus record. Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules.[8] Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992) (stating that it is relator's burden to provide a record sufficient to establish her entitlement to mandamus relief). In the context of a "death penalty" sanctions case in which the challenged ruling can encompass conduct that occurred over the course of the litigation, it is incumbent upon the relator to provide this court with a record that would enable this court to determine whether the trial court abused its discretion. *See id.* Relator has failed to do so. Through the Plaintiff's efforts, this court has an unsworn copy of the record of the December 6, 2010 hearing. But we have no record of the other discovery hearings, including the hearing on Plaintiff's second motion to compel, which resulted in a $500 sanction against relator. It may be, as the dissenting justice concludes, that the trial court abused its discretion in imposing "death penalty" sanctions, for the reasons noted in the dissenting opinion. Or, it

8. Relator did not certify that every factual statement in the petition is supported by competent evidence included in the appendix or record, as required by the rules of appellate procedure addressing original proceedings. *See* Tex.R.App. P. 52.3(j). Every factual statement in the petition also must be supported by citation to competent evidence included in the appendix or record. *See* Tex.R.App. P. 52.3(g). Relator is required to file a mandamus record containing a certified or sworn copy of every document that is material to relator's claim for relief. *See* Tex.R.App. P. 52.7(a)(1). Relator's mandamus record has several relevant omissions. Also, relator is required to file a properly authenticated transcript of any underlying hearing, or a statement that no testimony was adduced, and she failed to do so. *See* Tex.R.App. P. 52.7(a)(2).

may be that a review of what has occurred during the history of the litigation would reveal that the sanctions are just. But, in the final analysis, this court cannot and will not find an abuse of discretion on an incomplete record.

### Lack of Predicate Request

In addition to failing to provide an adequate record, relator has failed to make the requisite predicate request to the trial court as to one of relator's arguments. In *Braden*, the Supreme Court of Texas held that if the imposition of monetary sanctions threatens a party's continuation of the litigation, appeal affords an adequate remedy only if payment of the sanctions is deferred until a final judgment is rendered and the party has the opportunity to supersede the judgment and perfect her appeal. 811 S.W.2d at 929. A party has an adequate appellate remedy from a sanctions order, unless she asserts that the sanctions are case determinative. *See In Re Ford Motor Co.*, 988 S.W.2d 714, 722 (Tex.1998).

Relator alleges for the first time in her second mandamus petition that the monetary sanctions threaten her ability to proceed with the underlying action. Notably, the record before this court does not reflect that relator made this argument to the trial court. The Supreme Court of Texas held in *Braden* that " '*if a litigant contends that a monetary sanction award precludes access to the court,* the district judge must either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation; or (2) makes express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect.' " *Braden*, 811 S.W.2d at 929. (emphasis added) (quoting *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 882–83, n. 23 (5th Cir. 1988)). As this court held in *Prime Group, Inc. v. O'Neill*, 848 S.W.2d 376, 379 (Tex.App.-Houston [14th Dist.] 1993, orig. proceeding), if a party does not contend that pre-judgment payment of the sanction would prevent it from continuing the litigation, staying the payment of the sanction is not necessary and the party has an adequate remedy by appeal. *See also Ex parte Conway*, 843 S.W.2d 765, 766–67 (Tex.App.-Houston [14th Dist.] 1992, orig. proceeding) (holding the trial court did not abuse its discretion by making the sanctions payable on a date prior to final judgment when no contention had been made that payment would preclude continuation of the litigation). Relator was required to advise the trial court that the monetary sanctions would preclude her continuation of the underlying suit. *See Braden*, 811 S.W.2d at 929; *In re Onstad*, 20 S.W.3d 731, 733 (Tex.App.-Texarkana 2000, orig. proceeding) (refusing to address complaint that sanctions were payable before final judgment because counsel did not claim that the monetary sanction threatened the party's willingness or ability to continue the litigation). Our record fails to demonstrate that she did so.

Equity is generally not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address. *See In re Texas Best Staff, Inc.*, Nos. 01–08–00296–CV & 01–08–00418–CV, 2008 WL 4531028, at *5 (Tex.App.-Houston [1st Dist.] Oct. 9, 2008, orig. proceeding [mand. denied]) (mem. op.). Mandamus relief generally requires a predicate request for an action and a refusal of that request. *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex.1990). But, the requirement that there be a predicate request and adverse ruling is excused when such a request would have been futile and the trial court's refusal little more than a

formality. *See In re Texas Best Staff, Inc.*, 2008 WL 4531028, at *5. To determine whether a request would have been futile, appellate courts examine whether the request would have added anything for the trial court's consideration. *See id.* In this mandamus proceeding, relator asserts that the trial court's monetary sanctions preclude her from proceeding with the litigation in the trial court and block her access to the courts. Significantly, however, relator did not make this assertion in the trial court, and relator did not ask the trial court to set aside the monetary sanctions order, or postpone the payment of sanctions, based on this assertion. The record does not show that the trial court would have refused to consider such an assertion and request by relator; if relator had made this assertion and request, the trial court could have found in relator's favor on this point and provided that the monetary sanctions would be payable only upon final judgment, thus obviating the need for mandamus relief in this regard. Had relator voiced this complaint in the trial court, it would have added something for the trial court's consideration. Therefore, it would not have been futile for relator to have requested this relief in the trial court to see if the trial court would refuse it. *See id.* at *5–6. Relator did not present this complaint or otherwise give the trial court an opportunity to correct the alleged deficiency in its sanctions order, and relator has not asserted otherwise in this court. For these reasons, relator failed to satisfy the requirement of a predicate request and refusal by the trial court, and she is not entitled to this requested relief. *See id.* at *5–6.

### Conclusion

For the reasons stated above, we deny relator's petitions for writ of mandamus. We also deny relator's motion to stay the trial, the sanctions order, and further sanctions hearings.

CHRISTOPHER, J., dissenting.

TRACY CHRISTOPHER, Justice, dissenting.

On this record, I agree with the trial court that relator committed discovery abuse and that sanctions are warranted—but the trial court's death penalty sanction is not just, and therefore, I respectfully dissent.

As to the monetary portion of the award, I would stay the case to allow relator to present her argument to the trial court that the imposition of these large monetary sanctions (payable before judgment with a $500 per day fine for any day late in payment) threatens her ability to continue the litigation. In *Braden,* the Supreme Court held that the imposition of $10,000 in sanctions threatened the ability of the relator to continue the litigation. *Braden v. Downey,* 811 S.W.2d 922, 929 (Tex.1991). This sanction, against an individual, is almost three times that amount, increasing daily and includes a future payment of an additional $8500.

I would grant the mandamus on the death penalty sanctions, because plaintiff did not show in the motion for sanctions or at the oral hearing that relator's discovery abuse justified the presumption that the relator's claims or defenses lack merit or that it would be unjust to allow relator to present her defenses to the jury. *See Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 850 (Tex.1992).

Plaintiff presented no evidence that any missing documents were crucial to his case or that he could not present his case to the jury because of the missing documents. In his supplement to the motion for sanctions, he identified only three documents that relator failed to produce. In an affi-

davit attached to the original motion, plaintiff's counsel merely states that the discovery abuse prejudiced the plaintiff "by causing a delay in discovery and by failing to provide discoverable documents and information." The conclusory affidavit does not identify what discovery the plaintiff lacks or how that missing discovery impacts the case. This one conclusory sentence cannot justify death penalty sanctions.

Relator has been deposed once and presumably will appear again for her deposition. Relator has produced boxes of documents. Relator has paid the outstanding $500 fine. Relator has provided the missing bank account numbers, answered all outstanding document requests and has responded to Plaintiff's contention for the non-production of three documents.

Sanctions must be just. *TransAmerican Nat. Gas Corp. v. Powell,* 811 S.W.2d 913, 917–18 (Tex.1991). A just sanction, if more than monetary sanctions are appropriate, would only prevent relator from making any claim or defense that relates to any undisclosed documents—it would not strike her pleadings and prevent her from offering *any* evidence or giving *any* testimony. The punishment should fit the crime. *Smith v. Nguyen,* 855 S.W.2d 263, 266 (Tex.App.-Houston [14th Dist.] 1983, writ denied).

I would grant the mandamus in part, strike the death penalty portion of the trial court's order, and stay the trial to allow relator to present the argument to the trial court that immediate payment of the sanctions would threaten her ability to continue with the litigation.