**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 10, 2012.**



In The

# Fourteenth Court of Appeals
————————

## NO. 14-11-01097-CV
————————

## IN RE WILMA REYNOLDS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 48170**

## M E M O R A N D U M   O P I N I O N

On December 21, 2011, relator Wilma Reynolds (Wilma) filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Wilma complains that the respondent, the Honorable Randall Hufstetler, presiding judge of the 300th District Court of Brazoria County, abused his discretion in denying her requested discovery on August 24, 2011, and December 7, 2011.

The underlying case is Wilma's post-divorce suit for modification of conservatorship of the couple's two children, child support, and attorney's fees.  Wilma is seeking financial information about her ex-husband David Reynolds (David). Specifically,

Wilma is seeking information about David's income, including his interest in Quantlab Trading Partners (QTP), a company affiliated with his employer.[1]

During the course of this discovery dispute, David's QTP Limited Partnership Agreement, QTP financial statements, and other documents related to his interest in QTP were produced for *in camera* inspection. On August 24, 2011, the trial court made an oral ruling that the QTP agreement did not contain any relevant information necessary to determine David's interest, income, or bonuses. The trial court made a ruling by a November 17, 2011, letter that the documents contained "no relevant information." Wilma requested that the trial court enter a formal ruling on the relevancy of the *in camera* documents, and on December 7, 2011, the trial court signed an order stating that the *in camera* documents contain no relevant information. Wilma then filed this original proceeding.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005).

On this record, Wilma has not established that the trial court abused its discretion in its December 7, 2011, order denying discovery of the QTP documents described therein. *See* Tex. R. App. P. 52.3(k), 52.7; *see also Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992); *In re Le,* 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Frost, Seymore, and Jamison.

---

[1] David has produced tax returns and other documents related to his income. At issue are Wilma's requests for production of the QTP U.S., LP and QTP "Master Fund" partnership agreements and 2009-10 financial statements for QTP and QTP, U.S.