**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 26, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00005-CV

_____

## IN RE DAVID CARL WORMINGTON, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2004-20973**

## M E M O R A N D U M   O P I N I O N

On January 5, 2012, relator David Carl Wormington filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In his petition, relator complains that respondent, the presiding judge of the 247th District Court in Harris County, has not ruled on motions and pleading that were properly filed.

Specifically, relator complains that there has been no ruling on a motion for contempt filed August 19, 2011, or a bill of review filed September 28, 2011. He also asserts that he filed motions requesting hearings on both the contempt motion and the bill of review. On October 25, 2011, relator filed a request to proceed *in forma pauperis* in

response to a notice from the Harris County District Clerk that filing fees were owed. Relator complains that he has received no further notification concerning his pending pleadings, and he asks this court to issue a writ of mandamus to compel the respondent to timely adjudicate his contempt motion and bill of review.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). It is relator's burden to provide a record sufficient to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. *In re Le,* 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Chief among the requirements in seeking mandamus relief is the critical obligation to provide the reviewing court with a complete and adequate record. *Id.; see also* Tex. R. App. P. 52.7(a).

Relator has not provided this court with copies of the motions and pleadings about which he complains. Therefore, relator has not met his burden to establish his entitlement to relief.

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.