**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 11, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00994-CV

## IN RE JODIE HURT, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-07389J**

## MEMORANDUM OPINION

On November 12, 2013, relator Jodie Hurt filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Glenn Devlin, presiding judge of the 313th District Court of Harris County, to vacate an order granting the Texas Department of Family and Protective Services temporary managing conservatorship of relator's child. Relator has not satisfied her burden to

provide this Court with a record sufficient to demonstrate that the trial court abused its discretion. Therefore, we deny the petition for writ of mandamus.

## BACKGROUND

### *Relevant Statutes*

Chapter 262 of the Texas Family Code sets forth the procedures and substantive requirements by which the Texas Department of Family and Protective Services (hereinafter, "DFPS") may take possession of a child when necessary to protect that child's health and safety.[1] Under this chapter, DFPS is granted authority in urgent circumstances to remove a child from his or her home without prior notice. *See* Tex. Fam. Code §§ 262.101, 262.104. This emergency authority is subject to judicial oversight, either in the form of a temporary restraining order or attachment before DFPS removes the child, or an initial hearing held shortly after DFPS removes the child. *See* Tex. Fam. Code §§ 262.102, 262.106–262.107. Regardless of the specific approach, any authorization for DFPS to have possession of a child under its emergency authorities lasts only until a court is able to conduct a full adversary hearing, which must be held within fourteen days of DFPS taking possession of the child. *See* Tex. Fam. Code § 262.201(a).

At the conclusion of the fourteen-day adversary hearing:

[T]he court shall order the return of the child to the parent, managing conservator, possessory conservator, guardian, caretaker, or custodian

---

[1] DFPS is not the only governmental entity authorized to take actions under Chapter 262, but since DFPS is the entity involved in this mandamus petition, DFPS will be referenced exclusively.

2

entitled to possession unless the court finds sufficient evidence to satisfy a person of ordinary prudence and caution that:

(1) there was a danger to the physical health or safety of the child which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child;

(2) the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal; and

(3) reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home.

Tex. Fam. Code § 262.201(b). If the court finds there is a continuing danger to the child, the court is required to issue an "appropriate" temporary order under Chapter 105 of the Texas Family Code. Tex. Fam. Code § 262.201(c).[2] Such temporary orders are not subject to interlocutory appeal. Tex. Fam. Code § 105.001(e).

*The Underlying Litigation*

Relator Jodie Hurt is the mother of a two-year old child, M.S.J. Alfredo Jeffry is the father of M.S.J. Shortly after M.S.J. was born, real party in interest DFPS received a referral of negligent supervision of M.S.J. Based on its investigation of the family situation, DFPS filed a suit affecting the parent-child relationship in November 2011. The 313th District Court issued a final decree in

---

[2] "In a suit, the court may make a temporary order, including the modification of a prior temporary order, for the safety and welfare of the child, including an order[ ] for the temporary conservatorship of the child . . . ." Tex. Fam. Code § 105.001(a)(1).

3

that suit in December 2012, in which it appointed Jeffry sole managing conservator of M.S.J. The court appointed Hurt as possessory conservator of M.S.J., with more limited rights.[3] Notably, Hurt was authorized to have possession of M.S.J. "at times mutually agreed to in advance by the parties" and "[a]ll visitation between [M.S.J.] and [Hurt] shall be supervised by the conservators or other competent adult as designated by the conservators." Hurt did not appeal this decree.

In July 2013, DFPS received another referral alleging the physical neglect of M.S.J. The referral asserted that Jeffry had been leaving M.S.J. with Hurt unsupervised, contrary to the final decree, that Jeffry was homeless and he asked the child's former foster parents to temporarily care for M.S.J., and that the child had a serious diaper rash that the parents were not treating properly. Following its investigation, DFPS filed a motion on August 2, 2013 to modify the 2012 final decree, in which it sought emergency possession of M.S.J. pursuant to Chapter 262 of the Texas Family Code. The trial court issued temporary orders that day appointing DFPS as managing conservator of M.S.J. and setting the required adversary hearing for August 15, 2013.

The adversary hearing commenced as scheduled. Hurt appeared for the hearing, but without counsel. Hurt does not provide a transcript of this hearing, but the record she provides does indicate that there were witnesses who testified. The trial court continued the adversary hearing until August 22, 2013. At the continuation hearing, Hurt again appeared and this time was represented by counsel. A transcript of the continuation hearing is included in the record supplied

---

[3] The general distinctions between a managing conservator and a possessory conservator are outlined in Chapter 153 of the Texas Family Code.

4

by Hurt. DFPS sought at the hearing to remain temporary managing conservator of M.S.J., while Hurt asserted that M.S.J. was required under Section 262.201(b) of the Texas Family Code to be returned to Hurt's possession.

The only individuals who testified at the August 22 hearing were the DFPS caseworker and Hurt. Hurt's attorney asked the caseworker about efforts to return M.S.J. to Hurt after DFPS took initial possession:

> Q.    [A]fter you filed your petition . . . . [w]hat efforts did you make to return the child to mom?
>
> A.    We did not attempt to return the child to mom.
>
> Q.    So, you didn't make any efforts at all?
>
> A.    No.

The caseworker clarified on cross examination that DFPS did not attempt to return M.S.J. to Hurt because it was that agency's understanding of the 2012 final decree that Hurt was not to be with the child unsupervised. During her examination, Hurt testified about her current living arrangements with her father, her mental health, her relationship with Jeffry, and the issue of M.S.J.'s diaper rash.

Following testimony, the trial court heard arguments from DFPS, Hurt, and M.S.J.'s attorney ad litem. DFPS argued that it was not obligated to return the child to Hurt, even though she is a possessory conservator, because she was not "entitled to possession" of M.S.J. since, per the 2012 decree, any possession by Hurt of M.S.J. was to be supervised. Hurt argued that the decree's language restricting Hurt's access is ambiguous, and that following this Court's decision in *In re Pate*, 407 S.W.3d 416 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding), the absence of allegations that Hurt had placed the child in danger

required return of M.S.J. to Hurt. The attorney ad litem briefly alluded to the fact that Hurt was only a possessory conservator for reasons, and that her relationship with her father was not stable.

At the conclusion of the hearing, the trial court rendered its decision retaining DFPS as temporary managing conservator of M.S.J. The trial court appears to have entered a written order memorializing its decision, but Hurt does not include that order in the record. Hurt then filed this petition for writ of mandamus.

## THE MANDAMUS STANDARD

To be entitled to mandamus relief, a relator generally must show that the trial court violated a duty imposed by law or clearly abused its discretion, and the relator has no adequate remedy by appeal.[4] *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An appellate court may not deal with disputed questions of fact in the context of a mandamus proceeding. *In re Angelini*,

---

[4] In its response to relator's petition, DFPS suggests that this Court lacks jurisdiction because relator's petition is not meritorious. This suggestion is misplaced. There is a distinction between whether this Court has jurisdiction to issue a writ of mandamus given the circumstances of a particular case, and whether the writ should issue under applicable law. Hurt's petition requests that this Court compel the presiding judge of the 313th District Court to vacate his order granting DFPS managing conservatorship of M.S.J. Section 22.221(b) of the Texas Government Code grants this Court authority to issue a writ of mandamus against a district court judge within the court of appeals district. The 313th District Court is within this Court's district. *See* Tex. Gov't Code §§ 22.201(o), 24.621. Therefore, this Court has jurisdiction over this proceeding. *See In re Gauci*, No. 14-12-00707-CV, 2012 WL 3629064, *2 (Tex. App.—Houston [14th Dist.] Aug. 23, 2012, orig. proceeding) (mem. op. per curiam) (denying motion to dismiss for want of jurisdiction, but noting that the party's "arguments that mandamus is inappropriate in this case are well-taken").

186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding). Therefore, on mandamus review of factual issues, a trial court will be held to have abused its discretion only if the relator establishes that the trial court could have reached but one decision given the facts existing and the law applicable to the case, and it was not the decision the trial court made. *In re Hoar Constr., L.L.C.*, 256 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *In re Weeks Marine, Inc.*, 242 S.W.3d 849, 853 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding). As the party seeking relief, the burden to demonstrate entitlement to mandamus is on the relator. *See Walker*, 827 S.W.2d at 837.

## ANALYSIS

Hurt argues that the facts presented during the adversary hearing were insufficient to support the findings required under Section 262.201(b) of the Texas Family Code for a court to not return a child to an individual entitled to possession of that child. We are unable to conclude that the trial court abused its discretion in this case, because Hurt has not provided this Court with a full record of the facts that were before the trial court. Critically, Hurt does not include a transcript of the first day of the adversary hearing held on August 15, 2013, during which it appears (based on comments made at the continuation hearing on August 22) witnesses testified—including the DFPS caseworker and the child's previous foster mother. Hurt also does not include a copy of the written order from the trial court following the adversary hearing, which may include explicit factual findings of the court. Without this missing information, this Court does not have a sufficient basis on which to determine that the trial court could have reached but one decision based on the facts elicited during the hearing.

7

It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See* Tex. R. App. P. 52.3(k)(1), 52.7(a); *Walker* 827 S.W.2d at 837. "Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). "This court cannot make a sound decision based on an incomplete picture. But that is precisely what relator is asking us to do by her failure to provide a sufficient mandamus record." *Id.* Here, for example, Hurt is asking this Court to determine, *inter alia*, that the trial court could not have concluded that there was a danger to the physical health or safety of M.S.J. caused by Hurt, or that allowing M.S.J. to reside with Hurt would be contrary to the welfare of the child. But the portion of the record provided by Hurt alludes to prior testimony and statements (not included in the record) suggesting concerns about Hurt's ability to properly care for M.S.J. The omitted portions of the record, therefore, seem to be directly relevant to the question of whether the trial court abused its discretion. Thus, the record here is neither complete nor adequate.

To be entitled to mandamus relief, Hurt has the obligation to provide this Court with a record sufficient to demonstrate that the trial court could have made but one decision based on the evidence presented. Hurt, however, did not provide this Court with all the information presented to the trial court, such that we could conclude that the trial court could have made but one decision. Thus, Hurt has not satisfied her burden to demonstrate that the trial court abused its discretion in retaining DFPS as temporary managing conservator of M.S.J. *See Le*, 335 S.W.3d

at 814 ("[I]n the final analysis, this court cannot and will not find an abuse of discretion on an incomplete record.").[5]

## CONCLUSION

For the foregoing reasons, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel Consists of Justices McCally, Busby, and Wise.

---

[5] Hurt's request for mandamus relief is premised on the trial court abusing its discretion in applying Section 262.201(b) of the Texas Family Code, which mandates that, unless the listed standards are satisfied, a court must order the "*return* of the child to the . . . possessory conservator . . . *entitled to possession*" (emphasis added). DFPS argues in its response that because Hurt already had her right of access to M.S.J. restricted by the 2012 final decree such that Hurt could not have unsupervised possession of her child, Hurt was not "entitled to possession" of M.S.J. and that the trial court putting M.S.J. in Hurt's care would not be a "return" of the child. Because we conclude that Hurt has not fulfilled her burden to demonstrate that the trial court abused its discretion in ruling that the standards in Section 262.201(b) were satisfied, we need not reach the questions of whether Hurt was "entitled to possession" or whether placement of M.S.J. would constitute a "return" of M.S.J.