**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 20, 2014.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00049-CR
NO. 14-14-00050-CR
NO. 14-14-00051-CR

**IN RE ROBERT RANDALL LONG, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**177th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1216882, 1235282, and 1273161**

## MEMORANDUM OPINION

On January 15, 2014, relator Robert Randall Long filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Ryan Patrick, presiding judge of the 177th District Court of Harris County, to vacate an alleged

order withdrawing relator's right to proceed with *pro se* representation in his defense.

Relator, however, has not included with his petition a written order of the trial court withdrawing relator's *pro se* representation or any part of the reporter's record containing an oral ruling by the trial court withdrawing relator's *pro se* representation. In seeking mandamus relief, a relator is required to provide "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." Tex. R. App. P. 52.3(k)(1)(A). Accordingly, the record in a petition for writ of mandamus generally must contain either a written order from the trial court or that portion of the reporter's record demonstrating an oral ruling by the trial court. *See In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

"Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). "Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *Id.* Without documentation showing the action of the trial court of which relator complains, he cannot satisfy his obligation to demonstrate entitlement to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel Consists of Justices McCally, Busby, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).