# NO. 12-14-00076-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ERIC PINK,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator Eric Pink complains that the trial court awarded interim attorney's fees for a purpose other than the safety and welfare of the child and seeks a writ of mandamus directing the court to vacate its order.[1] We deny the petition.

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 135-36 (Tex.2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker*, 827 S.W.2d at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly is an abuse of discretion. *Id*. An appellate remedy is "adequate" when any benefits to mandamus review outweigh the detriments. *In re Prudential*, 148 S.W.3d at 136.

A party seeking mandamus relief must generally bring forward all that is necessary to establish the claim for relief. *See Walker*, 827 S.W.2d at 837; *In re Le*, 335 S.W.3d 808, 813 (Tex. App.–Houston [14th Dist.] 2011, orig. proceeding); *see also* TEX. R. APP. P. 52. Therefore, it is Pink's burden to provide this court with a sufficient record to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Le*, 335 S.W.3d at 813.

When a petition for writ of mandamus is filed, it must be accompanied by an appendix that includes a certified or sworn copy of any order complained of, or any other document

---

[1] The respondent is the Honorable Carole Clark, Judge of the 321st Judicial District Court of Smith County, Texas. The real party in interest is Marcie Anna Pink-Woods.

showing the matter complained of. *See* TEX. R. APP. P. 52.3(k)(1)(A). Unless voluminous or impracticable, the appendix must also include the text of any statute or other law (excluding case law) on which the relator's argument is based. *See* TEX. R. APP. P. 52.3(k)(1)(C). And the petition must also be accompanied by a record. TEX. R. APP. P. 52.7(a). Here, Pink did not file the required appendix and record along with his mandamus petition. Therefore, we are unable to determine whether he is entitled to mandamus relief. Accordingly, Pink's petition for writ of mandamus is ***denied***.

SAM GRIFFITH
Justice

Opinion delivered April 17, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### APRIL 17, 2014

### NO. 12-14-00076-CV

**ERIC PINK,**
Relator
V.
**HON. CAROLE W. CLARK,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by ERIC PINK, who is the respondent in Cause No. 11-1601-D, pending on the docket of the 321st Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on March 25, 2014, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*