**Petition for Writ of Mandamus Dismissed, In Part, and Denied, In Part, and Memorandum Opinion filed May 7, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00379-CR

### IN RE JA'COY O'BRIEN O'HARA, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1418602**

## MEMORANDUM OPINION

On April 28, 2015, relator Ja'Coy O'Brien O'Hara filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel Chris Daniel, Harris County District Clerk, to file relator's petition for writ of habeas corpus with the trial court. Relator also asks this court to compel the Honorable Michael McSpadden, presiding judge of the 209th District Court of Harris County, to

address a petition for writ of mandamus relator allegedly filed in that court, in which relator purportedly requested the trial court to compel the district clerk to file relator's petition for writ of habeas corpus.

### *No Jurisdiction to Issue Mandamus Petition Against District Clerk*

This court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or a county court judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221. The district clerk is not a district court or county court judge in this court's district, and relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce this court's appellate jurisdiction. Therefore, we lack jurisdiction to issue a writ of mandamus against the district clerk.

### *No Entitlement to Mandamus Relief Against District Judge*

As relator's petition concerns the presiding judge of the 209th District Court, relator contends that he filed a petition for writ of mandamus with the trial court, and implies that the trial court has not ruled on relator's petition. Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Among these rules is the obligation to provide the reviewing court with a complete and adequate record sufficient to establish the relator's entitlement to relief. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992)). Specifically, relator is obligated to furnish a record containing a certified or sworn

copy of every document filed in the underlying proceeding that is material to relator's claims for relief. Tex. R. App. P. 52.7(a)(1).

Relator has failed to provide this court with a record containing any documents. Thus, the court is without a certified or sworn copy of every document filed in the underlying proceeding that is material to relator's claims for relief. Relator's status as a *pro se* party does not exempt him from complying with the applicable rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).

Moreover, relator has failed to brief his complaints adequately. *See* Tex. R. App. P. 52.3(h) (providing that a petition "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record"). Relator's petition contains no citations to any case law in support of his claims for relief, nor does it contain any citations to any appendix or record. Relator's failure to properly brief his complaints is in itself a sufficient reason to deny relator's petition. *See, e.g.*, *In re Fitzgerald*, 429 S.W.3d 886, 897 (Tex. App.—Tyler 2014, orig. proceeding) (finding briefing waiver and stating that Rule 52.3(h) "requires that the relator provide substantive legal analysis as well as citations to authority supporting his legal arguments and conclusions.").

For the reasons discussed, relator has not established that he is entitled to mandamus relief against the district judge.

## *Conclusion*

To the extent relator seeks mandamus relief against the district clerk, we dismiss relator's petition for lack of jurisdiction. We deny the remainder of the petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).