**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 8, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00002-CV

## IN RE ELIZABETH THOMAS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-91506**

---

## MEMORANDUM OPINION

On January 2, 2019, relator Elizabeth Thomas filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Kristen Hawkins, presiding judge of the 11th District Court of Harris County, to vacate a temporary restraining order ("TRO") she signed on December 31, 2018, while acting as the ancillary judge for the 61st District Court of Harris County. Relator argues that the TRO is void because it does not fix the amount of security or order the posting of a bond, as required by Texas Rule of Civil Procedure 684. Relator also has filed a motion asking this court to stay the hearing on the motion for a temporary injunction, which the TRO sets for January 9, 2019.

"Mandamus relief generally requires a predicate request for an action and a refusal of that request." *In re Le*, 335 S.W.3d 808, 814–15 (Tex. App.–Houston [14th Dist.] 2011, orig. proceeding) (citing *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990)). "But, the requirement that there be a predicate request and adverse ruling is excused when such a request would have been futile and the trial court's refusal little more than a formality." *Id*. at 815. According the response to the motion for stay, "Relator appeared by phone at the temporary restraining order hearing and did not raise any issue concerning a bond, and she did not ask the judge to modify or dissolve the bond before filing her mandamus petition."

Relator has not provided a record that shows she has requested the trial court to vacate the TRO for the reasons stated in her petition or that doing so would be futile. Because relator has not shown that she satisfied the requirement of a predicate request and refusal by the trial court, she is not entitled to the relief requested in her mandamus petition. *See In re The Office of the Attorney General*, No. 14-16-00622-CV, 2016 WL 5853304, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 6, 2016, orig. proceeding) (per curiam) (mem. op.); *In re Crestline Direct Fin., L.P.*, No. 14-16-00776-CV, 2016 WL 5724964, at *1 (Tex. App.—Houston [14th Dist.] Oct. 3, 2016, orig. proceeding) (per curiam) (mem. op.).

Accordingly, we deny relator's petition for writ of mandamus and motion for stay, without prejudice to refiling after the arguments stated in her petition have been presented to and ruled on by the trial court.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.