**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 8, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00004-CV

## IN RE ELIZABETH THOMAS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-82388**

## MEMORANDUM OPINION

On January 3, 2019, relator Elizabeth Thomas filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable R.K. Sandill, presiding judge of the 127th District Court of Harris County, to vacate a Notice of Oral Hearing on Status Conference scheduled for January 9, 2019, that was filed on December 14, 2018. Relator argues that this notice of hearing is void because it was issued after the trial court's plenary jurisdiction had expired. Relator also has filed a motion asking this court to stay the notice of hearing.

As the party seeking relief, relator had the burden of providing this court with a sufficient record to establish their right to mandamus relief. See Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

"Mandamus relief generally requires a predicate request for an action and a refusal of that request." *In re Le*, 335 S.W.3d 808, 814–15 (Tex. App.–Houston [14th Dist.] 2011, orig. proceeding) (citing *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990)). "But, the requirement that there be a predicate request and adverse ruling is excused when such a request would have been futile and the trial court's refusal little more than a formality." *Id.* at 815. Relator has not provided a record showing that she has requested the trial court to vacate the notice of hearing for the reasons stated in her petition or that doing so would be futile. Because relator has not shown that she satisfied the requirement of a predicate request and refusal by the trial court, relator is not entitled to the mandamus relief she requests. *See In re The Office of the Attorney General*, No. 14-16-00622-CV, 2016 WL 5853304, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 6, 2016, orig. proceeding) (per curiam) (mem. op.); *In re Crestline Direct Fin., L.P.*, No. 14-16-00776-CV, 2016 WL 5724964, at *1 (Tex. App.—Houston [14th Dist.] Oct. 3, 2016, orig. proceeding) (per curiam) (mem. op.).

Accordingly, we deny relator's petition for writ of mandamus and motion for stay.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.