**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 17, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00741-CV

---

### IN RE DOUGLAS SMITH CUSTOM HOMES, LLC, DOUGLAS EUGENE SMITH, AND AKEEYA NEAL, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-00177**

---

## MEMORANDUM OPINION

On November 2, 2020, relators Douglas Smith Custom Homes, LLC, Douglas Eugene Smith, and Akeeya Neal filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Cory Don Sepolio, presiding judge of the 269th District Court of Harris County, to vacate his order

granting the motion of the real party-interest, Ling Wu Ltd. Co., to lift the abatement, signed on October 2, 2020.

Relators have also filed a motion for temporary relief, asking our court to stay all proceedings in the trial court pending our decision on the petition. *See* Tex. R. App. Proc. 52.10.

As the parties seeking relief, relators have the burden of providing this court with a sufficient record to establish their right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

The mandamus record is incomplete because it does not include the five evidentiary exhibits that were attached to relators' motion to lift abatement, as required by Rule 52.7(a)(1).

"To establish that the trial court abused its discretion, it is generally incumbent on relator to provide our court with a record of all material pleadings and evidence that were considered by the trial court when it ruled." *In re Fields*, No. 14-17-00640-CV, 2017 WL 3495396, at *1 (Tex. App.—Houston [14th Dist.] Aug. 15, 2017, orig. proceeding) (per curiam) (mem. op.). Our court has repeatedly denied mandamus relief when the record is incomplete. *See e.g., In re Le*, 335 S.W.3d 808, 813–14 (Tex. App.–Houston [14th Dist.] 2011, orig. proceeding) (holding this court would not find an abuse of discretion on an incomplete record); *In re Haynes*, No. 14-14-00668-CV, 2014 WL 4202651, at *1 (Tex. App.—

2

Houston [14th Dist.] Aug. 26, 2014, orig. proceeding) (per curiam) (mem. op.) (without an understanding of what information was before the trial court, this court does not have a basis on which to conclude that the trial court abused its discretion.); *In re Approximately $61,083.00*, No. 14–13–01059–CV, 2014 WL 866040, at *2 (Tex. App.—Houston [14th Dist.] Mar. 4, 2014, no pet.) (per curiam) (mem. op.) ("Without a complete picture of what facts were before the trial court and how the court applied the law to those facts in reaching its decision, this Court does not have a basis on which to conclude that the trial court abused its discretion").

Because relators have not provided this court with a complete record as required by Rule 52.7, we deny their petition for writ of mandamus and motion for temporary relief.


PER CURIAM


Panel consists of Justices Christopher, Wise, and Hassan.

3