**Order filed March 29, 2022.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-22-00127-CV

## IN RE KAREN L. COOLEY AND JOE ALFRED IZEN, JR., Relators

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1102074**

## ORDER

On February 24, 2022, relators Karen L. Cooley and Joe Alfred Izen, Jr. filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this Court to compel the Honorable Lashawn A. Williams, presiding judge of County Civil Court at Law No. 3 of Harris County, to vacate: (1) its March 16, 2021 order granting Defendants' motion to disqualify attorney Joe Alfred Izen, Jr.; and (2) its December 21, 2021, order denying Plaintiff Izen's motion to compel discovery.

Additionally, relators request that we admonish the trial court "to adhere to and follow the provisions of the local rules of the Eleventh administrative Judicial Region including those specified in Local Rules 14(a) and (b) governing attorney vacation letters," arguing that the trial court abused its discretion by conducting a hearing in this matter on August 4, 2021 in the absence of Izen and in violation of attorney-Izen's vacation letter he had on file designating various weeks in August 2021 as vacation.

Relators must file with the petition a sufficient record to establish the right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (stating that "[t]hose seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record.") (footnote omitted)).

Relators' petition and appendix do not comply with the Texas Rules of Appellate Procedure. In support of relators' mandamus, relators provided the Court with various documents; however, relators did not include a verification that relators filed with their petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." Tex. R. App. P. 52.7(a)(1). Relators also did not verify that relators filed with their petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding . . . or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a)(2). By this order, the Court gives relator notice that the petition will be

dismissed unless relators supplement and/or amend the petition to addresses the record issues identified above on or before April 6, 2022.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.

(Christopher, C.J. dissenting. Notice is not required before denying an original proceeding based on procedural deficiencies. *See In re Kholaif*, 624 S.W.3d 228, 233 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (C.J., Frost, dissenting)). Additionally, I would deny relators' petition because relators have not demonstrated they are entitled to mandamus relief, which will not change by instructing relators to fix procedural defects.)