# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00431-CV

### In re Paige Mycoskie

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Paige Mycoskie has filed a petition for writ of mandamus complaining of the trial court's order granting real party in interest Johnson-Power Construction, Inc.'s Amended Fourth Motion to Compel Discovery and for Sanctions. We deny mandamus relief for the reasons stated below.

Relator did not file a mandamus record with her petition but instead solely filed an appendix. "Because relator attempts to use the appendix as a mechanism for attaching what should be included in the mandamus record, [s]he must comply with Texas Rule of Appellate Procedure 52.7(a)(1)." *In re Pentland*, No. 03-22-00717-CV, 2023 WL 307476, at *1 (Tex. App.—Austin Jan. 19, 2023, orig. proceeding) (mem. op.). Thus, relator "must file with the petition . . . a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a)(2).

The trial court's order indicates that it heard real party's motion on June 11, 2025, and considered "the pleadings on file, the admissible evidence, and the arguments of the parties" in reaching its decision. Yet, relator has not supplied this Court with a transcript from the hearing and any exhibits admitted at that hearing, nor has she stated that no testimony was adduced in connection with this matter. *See id.*

It is relator's burden to provide a sufficient mandamus record to establish their right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). "This court cannot make a sound decision based on an incomplete picture." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). "Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *Id.* (footnote omitted); *accord In re Smith*, No. 03-14-00478-CV, 2014 WL 4079922, at *1 (Tex. App.—Austin Aug. 13, 2014, orig. proceeding) (mem. op.).

Because we lack a sufficient mandamus record, we deny the petition for writ of mandamus without prejudice to her refiling a petition in the future. Tex. R. App. P. 52.8(a); *see In re Smith*, 2014 WL 4079922, at *2. We also deny relator's motion for emergency relief.

_____

Maggie Ellis, Justice

Before Justices Triana, Kelly, and Ellis

Filed: June 20, 2025

2