

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00100-CR

---

IN RE KENNETH HALL

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Relator, Kenneth Hall, has filed a pro se petition for a writ of mandamus asking this Court to compel the Honorable R. Wesley Tidwell, presiding judge of the 6th Judicial District Court of Lamar County, Texas, to vacate its nunc pro tunc judgment of conviction[1] "or allow [an a]ppeal to Judgment Nunc Pro Tunc made in absentia . . . or find Judge Tidwell[']s ruling invalid and set the cause back in the original position and a proper hearing to commence accordingly." We deny Hall's petition.

Rule 52.3(k) of the Texas Rules of Appellate Procedure requires the person filing the petition for a writ of mandamus to "certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(k). Furthermore, Rule 52.3(h) of the Texas Rules of Appellate Procedure requires that each factual statement in the petition be supported by a citation to competent evidence in the appendix or record. TEX. R. APP. P. 52.3(h). Next, Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure requires a relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claims for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Also, Rule 52.3(l)(1)(B) of the Texas Rules of Appellate Procedure states that "[t]he appendix must . . . contain . . . a certified or sworn copy of the relevant trial court order, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(l)(1)(B). Hall did not adhere to these procedural rules and others.

---

[1]Hall claims the trial court's nunc pro tunc judgment was not entered to correct a clerical error but was instead based on judicial reasoning.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (alteration in the original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.)). "This court cannot make a sound decision based on an incomplete picture. But that is precisely what [Hall] is asking us to do by h[is] failure to provide a sufficient mandamus record." *See In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). We decline to do so.

Accordingly, we deny Hall's petition for a writ of mandamus.

Charles van Cleef
Justice

Date Submitted:     May 29, 2026
Date Decided:       June 1, 2026

Do Not Publish

3