**Deny and Opinion Filed August 7, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00957-CV

## IN RE KERRY TIPPS, Relator

**Original Proceeding from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F99-00280-QK**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice FitzGerald

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to rule on his motion for forensic DNA testing. The facts and issues are well known to the parties, so we do not recount them here. Relator's petition is not properly supported and fails to comply with the rules of appellate procedure. TEX. R. APP. P. 52.3(j), (k); TEX. R. APP. P. 52.7. "Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le,* 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Although the claims pleaded in pro se inmate petitions should be liberally construed, the same procedural standards apply to inmates at to other litigants. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, no writ). If a pro se litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who is represented by counsel. *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759

(Tex. App.—Amarillo 1998, pet. denied). There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Because the record before the court does not establish that relator is entitled to relief, we **DENY** the petition. TEX. R. APP. P. 52.8.


140957F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE