

NUMBER 13-14-00451-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE JESUS MENDOZA

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion Per Curiam[1]

Relator, Jesus Mendoza, proceeding pro se, filed a petition for writ of mandamus in the foregoing cause on August 8, 2014, seeking to compel the trial court to vacate relator's final decree of divorce and to grant the relief sought by relator in various pleadings filed in the underlying proceeding.[2]

---

[1] See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This petition for writ of mandamus is the second original proceeding arising from trial court cause number F-1591-11-A in the 92nd District Court of Hidalgo County, Texas. See In re Mendoza, No. 13-12-00253-CV, 2012 WL 1484111 (Tex. App. Apr. 23, 2012, orig. proceeding) (per curiam mem. op.). This trial court cause number is also currently under appeal in appellate cause number 13-14-00420-CV, Jesus Mendoza v. Silvia Mendoza.

1

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. *See generally* TEX. R. APP. P. 52. In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. Fundamentally, the relator must provide the reviewing court with a complete and adequate record that is sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief in accordance with the foregoing principles. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, the petition for writ of mandamus is

DENIED. *See* Tᴇx. R. Aᴘᴘ. P. 52.8(a). Relator's pending motion to proceed without payment of costs is GRANTED. Relator's pending motion to assign senior visiting judges to handle this original proceeding is DENIED.

PER CURIAM

Delivered and filed this the
12th day of August, 2014.