**Deny and Opinion Filed December 31, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01403-CV

### IN RE VERP INVESTMENT, LLC, Relator

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-03874**

## MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Francis

VERP Investment, LLC filed this original proceeding requesting the Court to order the trial court to vacate its order compelling VERP to allow a third-party forensic examiner to create a mirror image of the accounting software and the supporting data on VERP's hard drive related to invoices prepared in connection with certain leases to which VERP and real party in interest, Lan Hung Nguyen, are parties. The trial court's order followed a hearing on October 20, 2014 on Nguyen's motion to compel responses to his second request for production of documents. The basis alleged for Nguyen's motion to compel was VERP's "refusal to comply with [Nguyen's] discovery requests," which included a request for production of "(i) electronic data information, (ii) the accounting software program, (iii) a forensic copy of the hard drive, and (iv) all emails and deleted emails" related to the generation of invoices for the leases. VERP had objected to these requests.

The trial court's order on the motion to compel recited the trial court had "examined the moving papers and evidence, and [had] heard the argument of counsel" and determined good cause for its order had been shown. The trial court conducted a further hearing on October 27, 2014 on VERP's motion to reconsider, which the trial court denied. Although VERP argues, "[t]he Certified Record and evidence clearly demonstrate [Nguyen] did not make the necessary showing that would enable the Court to permit direct access to VERP's electronic storage device," the mandamus record does not include a transcript from either the hearing on the motion to compel or the hearing on the motion for reconsideration and does not include a statement "that no testimony was adduced in connection with the matter complained." *See* TEX. R. APP. P. 52.7(a)(2).

"Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (footnote omitted). Here, the failure to provide a transcript of the evidence presented at the hearings or a statement no testimony was adduced at the hearings is fatal to VERP's complaint the trial court improperly ordered direct access to VERP's computer hard drive. "Providing access to information by ordering examination of a party's electronic storage device is particularly intrusive and should be generally discouraged, just as permitting open access to a party's file cabinets for general perusal would be." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 317 (Tex. 2009) (orig. proceeding). To justify direct examination of a party's electronic storage devices, "As a threshold matter, the requesting party must show that the responding party has somehow defaulted in its obligation to search its records and produce the requested data." *Id.* (citations omitted) "The requesting party should also show that the responding party's production 'has been inadequate and that a search of the opponent's

[electronic storage device] could recover deleted relevant materials.'" *Id.* (citations omitted). Bare allegations the responding party has failed to comply with its discovery duties are insufficient. *Id.* At the hearing on his motion to compel, Nguyen bore a substantial burden to demonstrate allowing direct access to VERP's computer hard drive was appropriate. In the absence of the transcripts of the hearings, however, we are unable to determine whether the Nguyen made the required evidentiary showing and must presume the evidentiary record supports the trial court's ruling. *In re Lambdin*, No. 07-03-0328-CV, 2003 WL 21981975, at *2 (Tex. App.—Amarillo Aug. 20, 2003, orig. proceeding). As a result, VERP has failed to establish that it is entitled to mandamus relief. We **DENY** the petition for writ of mandamus. TEX. R. APP. P. 52.8.

141403F.P05

/Molly Francis/

MOLLY FRANCIS
JUSTICE

–3–