**DENY; and Opinion Filed February 5, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00127-CV

### IN RE CLEVELAND NIXON, Relator

**Original Proceeding from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F11-21243-X**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Lang-Miers

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to sign a written order ruling on his oral motion for bail pending appeal. Relator's petition does not comply with the rules of appellate procedure.

"Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le,* 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Because the record in a mandamus proceeding is assembled by the parties, *see* TEX. R. APP. P. 52.3(j), 52.3(k), 52.7, this Court strictly enforces the authentication requirements of rule 52 of the rules of appellate procedure to ensure the integrity of the mandamus record. *See, e.g.*, *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (finding affidavit insufficient to authenticate record because it did not state

affiant had "personal knowledge the copy of the order in the appendix is a correct copy of the original.").

Relator's petition for writ of mandamus in this case fails to comply with rule 52 in a number of respects. It does not include a certification that the person filing the petition "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). In addition, the documents attached in support of the petition for writ of mandamus are not sworn or certified copies. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Further, the record in support of the petition does not include a motion for bail pending appeal or a transcript of the hearing at which such a motion was made orally, nor does it include a written motion that the trial court reduce its docket entry to a written order or the transcript of a hearing at which such a request was orally made. *See* TEX. R. APP. P. 52.3(k)(1)(A); 52.7(a). Each of these defects independently renders the record insufficient to support mandamus relief.

We **DENY** the petition. TEX. R. APP. P. 52.8.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

150127F.P05

–2–