**Denied and Opinion Filed February 20, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00200-CV

## IN RE NATALIE ANNE HUNTING, Relator

**Original Proceeding from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-12245**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Evans

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to vacate its temporary orders appointing the father of the child who is the subject of this modification proceeding temporary sole managing conservator and direct the trial court to return the child's care to relator. Alternatively, relator requests that the Court order the trial court to vacate its temporary orders and enter temporary orders providing for standard possession under the family code. The relator's petition does not comply with the rules of appellate procedure and is incomplete. We deny the petition.

"Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Because the record in a mandamus proceeding is assembled by the parties, *see* TEX. R. APP. P. 52.3(j), 52.3(k), 52.7, this Court strictly enforces the requirements

of rule 52 of the rules of appellate procedure to ensure the integrity of the mandamus record. *See, e.g., In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (finding affidavit insufficient to authenticate record because it did not state affiant had "personal knowledge the copy of the order in the appendix is a correct copy of the original."). Relator's petition for writ of mandamus does not include a certification that the person filing the petition "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). It does not include a sworn or certified copy of the order of which she complains, sworn or certified copies of any documents material to the relator's claim for relief filed in the underlying proceeding, or a properly authenticated transcript of any relevant testimony from the underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A); 52.7.

Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Based on the record before us, we conclude relator has failed to establish a right to relief. We **DENY** the petition.

/David Evans/
DAVID EVANS
150200F.P05                                                                    JUSTICE