**Petition for Writ of Mandamus Dismissed, In Part, and Denied, In Part, and Memorandum Opinion filed June 16, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00493-CR

## IN RE KENDRICK NORRIS ALRIDGE, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1230368**

## MEMORANDUM OPINION

On June 4, 2015, relator Kendrick Norris Alridge filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Mark Kent Ellis, presiding judge of the 351st District Court of Harris County, to direct the court reporter to prepare the statement of facts in the underlying case. Relator also appears to request this Court to compel the trial court

reporter to prepare the statement of facts, and to compel the court coordinator and district clerk to set certain motions allegedly filed by relator for hearing.

## *No Jurisdiction To Issue Mandamus Petition Against Court Reporter, District Clerk, Or Court Coordinator*

This Court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or a county court judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221. The court reporter, district clerk, and court coordinator are not district court or county court judges in this Court's district, and relator has not demonstrated that the issuance of a writ compelling the requested relief is necessary to enforce this Court's appellate jurisdiction. Therefore, to the extent relator seeks relief against the court reporter, district clerk, or court coordinator, we lack jurisdiction to issue a writ of mandamus against those individuals.

## *No Entitlement To Mandamus Relief Against District Judge*

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). The most important of these rules is the obligation to provide the reviewing court with a complete and adequate record sufficient to establish the relator's entitlement to relief. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992)).

Specifically, relator is obligated to furnish a record containing a certified or sworn copy of every document filed in the underlying proceeding that is material to relator's claims for relief. Tex. R. App. P. 52.7(a)(1).

Relator has failed to provide this Court with any documents filed in the underlying proceeding that are material to his claims for relief. Relator instead contends that this Court can verify that relator has filed certain motions by contacting the Harris County District Clerk's office. However, it is relator's burden to provide this Court with a sufficient record, and relator's status as a *pro se* party does not exempt him from complying with the applicable rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). Relator has not satisfied his obligation to provide this Court with a complete and adequate record sufficient to establish his entitlement to relief.

### *Conclusion*

To the extent relator seeks mandamus relief against the court reporter, district clerk, or court coordinator, we dismiss relator's petition for lack of jurisdiction. We deny the remainder of relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, McCally, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).