# NO. 12-19-00049-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *PHILIP J. EMERSON, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator, Philip J. Emerson, Jr., filed a pro se petition for writ of mandamus in which he complains of Respondent's decision to reschedule a hearing instead of ruling on his motion to vacate and seeks an order from this Court requiring Respondent to (1) sign an order approving his request to sue "the wrongdoers in the place of Holly Lake Ranch Association by common law derivative cause of action;" (2) appoint a receiver to preserve assets and rehabilitate Holly Lake Ranch Association; and (3) sign an order imposing constructive and resultant trusts on "identifiable *res* and the money transferred in a sale of some of the identifiable *res* unlawfully taken from Holly Lake Ranch Association."[1] We deny the writ.

## BACKGROUND

Emerson previously sued Holly Lake Ranch Association (Holly Lake), trial court cause number 2012-626, because it charged maintenance and garbage fees and expended funds to hire security personnel who restricted Emerson's use of the main gate until he paid Holly Lake's fees and acquired a gate card.[2] In 2014, Judge Timothy Boswell signed a final judgment in favor of

---

[1] Respondent is the Honorable Jeff Fletcher, Judge of the 402nd District Court in Wood County, Texas. Ronald Roddy, Shonna L. Mulkey, Jay Blint, Robert James, Kenneth Mangham, Greg Demko, Patsy Jones, Larry Bowman, Bob Bulla, Annette Coates, Kenneth Mentch, and Holly Lake Ranch Association, Inc. are the Real Parties in Interest.

[2] *In re Emerson*, No. 06-18-00078-CV, 2018 WL 5091807, at *1 (Tex. App.—Texarkana Oct. 19, 2018, orig. proceeding) (mem. op.).

Holly Lake and Emerson did not appeal.[3] Judge Boswell is the former Judge of the 402nd District Court in Wood County, Texas, over which Respondent now presides.

According to Emerson, he discovered that Judge Boswell practiced law with counsel for one of the defendants in cause number 2012-626.[4] He filed a motion to vacate the final judgment in trial court cause number 2012-626 and a hearing was scheduled for February 6, 2019. Emerson states that the basis of his motion was that Judge Boswell was disqualified from presiding over the lawsuit. On the day of the hearing, however, opposing counsel failed to appear and Respondent rescheduled the hearing for February 27. This original proceeding followed.[5]

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family and Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

## AVAILABILITY OF MANDAMUS

In this original proceeding, Emerson presents four issues for this Court's consideration.[6]

---

[3] *Id*.

[4] Emerson previously sought mandamus relief from both this Court and the Texarkana Court of Appeals with respect to this issue. Mandamus relief was denied in both instances. *See In re Emerson*, No. 12-18-00350-CV, 2018 WL 6715874 (Tex. App.—Tyler Dec. 21, 2018, orig. proceeding) (mem. op.); *see also Emerson*, 2018 WL 5091807.

[5] In his initial petition for writ of mandamus, Emerson requests that we consolidate this original proceeding with cause number 12-18-00261-CV, *Roddy, et al v. Holly Lake Ranch Association*, an appeal pending before this Court with respect to a final judgment signed in trial court cause number 2017-523. Emerson is not a party to that appeal. We decline to consolidate the appeal with this original proceeding.

[6] Emerson initially raised five issues but amended his petition for writ of mandamus to raise four issues.

2

**Motion to Vacate**

In his first issue, Emerson challenges Respondent's failure to rule on his motion to vacate at the February hearing when opposing counsel did not appear. Accordingly, he seeks a writ ordering Respondent to vacate the final judgment in trial court cause number 2012-626.

"Consideration of a motion that is properly filed and before the trial court is a ministerial act, and mandamus may issue to compel the trial court to conduct a hearing and rule on the motion." *In re Gerstner*, No. 02-15-00315-CV, 2015 WL 6444797, at *1 (Tex. App.—Fort Worth Oct. 23, 2015, orig. proceeding) (mem. op.). To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). While a trial court's failure to rule within a reasonable time is not appealable, it may constitute an abuse of discretion for which the remedy of a writ of mandamus may be available. *Dash v. Parc Lake Estates Homeowners Ass'n, Inc.*, No. 01-18-00338-CV, 2018 WL 3059800, at *1 (Tex. App.—Houston [1st Dist.] June 21, 2018, no pet.) (mem. op.).

At the February 6 hearing on Emerson's motion to vacate, Respondent paused the proceedings when opposing counsel failed to appear. When the hearing resumed, Respondent informed Emerson that opposing counsel was in trial that day and the hearing notice was sent to the incorrect email address; thus, counsel did not receive notice of the hearing. Because a hearing on Emerson's motion for sanctions was pending on February 27, Respondent decided to hear both motions on that date. However, Emerson proceeded to testify that he used the electronic filing system to provide notice. He asked Respondent to find that opposing counsel was constructively noticed and failed to appear out of conscious indifference. Respondent replied that he dealt with opposing counsel in different matters over the years and counsel is not someone who "intentionally ignores things." He further stated that while Emerson may have used the proper procedure to notify opposing counsel, the notice sent by the court contained the incorrect email address. Regarding Emerson's claim of time sensitivity, based on the contention that opposing counsel's clients denied him access to his property, Respondent asked Emerson if he could enter his property through the main gate of Holly Lake. Emerson responded that he could by utilizing "self-help," but he should not have to resort to self-help. Based on Emerson's ability to access his property, Respondent rejected Emerson's complaint of time sensitivity, noting the mere three-week

3

difference between February 6 and 27. Respondent did not rule on the motion to vacate, but rescheduled the hearing for February 27.

Based on his contentions that Judge Boswell practiced law with counsel for one of the defendants in trial court cause number 2012-626 and was disqualified from presiding over the lawsuit, Emerson maintains that Respondent was required to grant the motion and vacate the judgment on February 6 when counsel failed to appear. Emerson states that Respondent's failure to do so violated his due process rights and impacted his ability to freely possess his property and move in society. On March 11, Emerson filed an amended motion for emergency relief with this Court, in which he stated that the February 27 hearing was held, but Respondent did not rule on his motion to vacate because of the pending mandamus proceeding.

A trial court has wide discretion in managing its docket, including the discretion to sua sponte continue a case. *See Jackson v. Jackson*, 556 S.W.3d 461, 471 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *see also In re Estate of Henry*, 250 S.W.3d 518, 526 (Tex. App.—Dallas 2008, no pet.). Respondent recognized an error in service by the court and investigated opposing counsel's absence, which revealed that opposing counsel was in trial on February 6. He did not refuse to rule on the motion within a reasonable time. *See In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.) (generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time). Given the trial court's wide discretion in managing its docket, we cannot conclude that the record shows a clear abuse of discretion resulting from Respondent's decision to continue the hearing on Emerson's motion to vacate instead of signing an order granting the requested relief. *See In re City of Dallas*, 445 S.W.3d 456, 463 (Tex. App.—Dallas 2014, orig. proceeding) ("We will not interfere with the trial court's discretion to manage its docket without a clear showing of abuse"). Nor can we conclude that Respondent abused his discretion by declining to rule on the motion during pendency of this original proceeding. Thus, Emerson fails to establish his entitlement to mandamus relief regarding issue one.

**Remaining Issues**

In his second, third, and fourth issues, Emerson asks this Court to order Respondent to (1) "sign an order approving [Emerson] to stand in the shoes of Holly Lake Ranch Association derivatively to prevent unjust enrichment[,]" (2) "sign an order appointing a receiver to rehabilitate Holly Lake Ranch Association—a non–profit entity dedicated to lot owners in the Holly Lake

4

Ranch master–planned subdivision in Wood County, Texas," and (3) "impose constructive and resultant trusts on the wrongdoers that took an identifiable *res* unlawfully from the superior equitable title holder, Holly Lake Ranch Association, followed by ordering the trial court to order restitution to be paid by the wrongdoers and to be paid to HLRA—measured by the benefit received by the wrongdoers." Emerson also seeks an order compelling Respondent to impose sanctions on various parties, allow him to amend his pleadings, and impose a temporary injunction.[7]

However, "[m]andamus is intended to be an extraordinary remedy, available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). The writ will not issue for grievances that may be addressed via other remedies. *Id*. In the present case, Emerson filed a voluminous record with this Court and his petition for writ of mandamus fails to direct us to any place in the record where he requested that Respondent perform any of the above actions.[8] *See Molina*, 94 S.W.3d at 886; *see also* TEX. R. APP. P. 38.1(i) (brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and the record). This Court is not required to independently search a voluminous record for evidence supporting a party's position. *See Univ. Gen. Hosp., L.P. v. Prexus Health Consultants, L.L.C.*, 403 S.W.3d 547, 557 n.6 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Nor is equity generally "served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address." *In re Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).

---

[7] Emerson likewise asks this Court to sanction Judge Boswell, Craig Daugherty (who Emerson claims assisted Judge Boswell in denying him due process), and John Alexander (with whom Judge Boswell practiced law). Additionally, he requests a writ declaring Judge Boswell disqualified in trial court cause number 2012-626. This Court, however, lacks mandamus jurisdiction over Judge Boswell, who is no longer a judge of a district court in our appellate district, or Daugherty and Alexander, who are not judges of a district court in our appellate district. *See In re Emerson*, 2018 WL 6715874; *see also* TEX. GOV'T CODE ANN. § 22.221(b) (West Supp. 2018) (appellate courts may issue writs of mandamus against: "(1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge").

[8] The transcript from the February 6 hearing suggests that a motion for sanctions was scheduled to be heard on February 27; however, Emerson does not direct us to any such motion in the record and, absent such, we cannot determine the basis of that request.

And, although an appellate court has jurisdiction to direct a trial court to make a decision, we may not tell the court what that decision should be. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). "Mandamus relief generally requires a predicate request for an action and a refusal of that request." *Le*, 335 S.W.3d at 814. Here, Emerson has not shown that he presented his requests to Respondent before seeking mandamus relief from this Court. Consequently, he fails to establish any abuse of discretion, and thus any right to mandamus relief, with respect to issues two, three, and four.

## CONCLUSION

To be entitled to mandamus relief, Emerson was required to establish that Respondent abused his discretion. *See Cerberus Capital Mgmt., L.P.*, 164 S.W.3d at 382; *see also Fitzgerald*, 429 S.W.3d at 891. Having found that his four issues do not demonstrate a clear abuse of discretion, we *deny* the petition for writ of mandamus. All pending motions are *overruled as moot*.

JAMES T. WORTHEN
Chief Justice

Opinion delivered March 12, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 12, 2019**

**NO. 12-19-00049-CV**

**PHILIP J. EMERSON, JR.,**
Relator
V.

**HON. JEFF FLETCHER,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Philip J. Emerson, Jr.; who is the relator in appellate Cause No. 12-19-00049-CV and plaintiff in trial court Cause No. 2012-626. Said petition for writ of mandamus having been filed herein on February 14, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*