**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 8, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00752-CV

---

### IN RE J.W.C., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**310th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-40121**

---

## MEMORANDUM OPINION

On November 5, 2020, relator J.W.C. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, Father asks this court to compel the Honorable Sonya L. Heath, presiding judge of the 310th District Court of Harris County, to vacate her July 17, 2020 written order compelling participation in family therapy and any subsequent orders prohibiting Father's access to the children.

Mother and Father, who are divorced, are the parents of four minor children. A significant amount of litigation over possession of and access to the children has taken place since their divorce in 2014. The oldest child, H.C., lived with Father for several months starting in 2019. On December 19, 2019, Mother and Father entered into a "Binding Mediated Settlement Agreement Band Aid Temporary Orders." ("MSA").

In the MSA, the parties agreed (1) to allow H.C. to live with Father; and (2) Mother to have a modified possession order "pending assessment of Children 4 Tomorrow to determine if there is parental alienation." They further agreed "to have the child assessed by Children for Tomorrow as soon as possible. Each party will pay one half [sic] cost of assessment. Parties will agree to follow recommendation." The parties also agreed to mediate again with Charley E. Prine, Jr. within 30 days of the assessment. Mother and Father subsequently entered into an agreement to have an assessment conducted by Children 4 Tomorrow ("C4T").

On January 22, 2020, the trial court signed the Band Aid Order, which was referenced in the MSA and provides, in relevant part, that "each party shall cooperate with Children 4 Tomorrow in the preparation of the assessment and follow any and all rules, policies, procedures, and recommendations from Children 4 Tomorrow." The Band Aid Order further directs the parties to attend mediation with Prine 30 days after the assessment by C4T.

Jayna Haney of C4T performed the assessment and issued her report on March 30, 2020. Father eventually nonsuited his motion to modify and returned H.C. to live with Mother. Subsequently, the amicus attorney and Mother each moved to compel family therapy, and the trial court held a hearing on the motion to compel

2

family therapy on July 14, 2020. At the beginning of the hearing, Mother's counsel stated that she was designating Haney as Mother's expert. Father's then-current attorney stipulated that Haney was an expert.

Father testified at the July 14, 2020 hearing that he was willing to go to therapy but not with C4T because he believed that with the proposed order he was "destined for failure" and C4T did not give him "a fair shake."

The trial court incorporated Haney's March 30, 2020 treatment recommendations into the July 17, 2020 order compelling family therapy with C4T (the "Order"). In the Order the court directs (1) all family members to attend therapy sessions; (2) Mother and Father not to interfere with the relationship between the other parent and the children; (3) Mother and Father not to interfere with the children attending therapy. In the Order the court further provides the following consequences for noncompliance: visitation and communication between the offending parent and the children are cut off, other than in the presence of the family therapist, for 15-day increments for each offense.[1]

---

[1] In the order, the trial court specifically set forth punishment for noncompliance:

In the event the Court finds that a parent is not complying with the counseling ordered above) [sic] or a parent is engaging in alienating behavior towards the other parent, then the Court shall Order the following: ·

**First Offense** – IT IS ORDERED that the targeted parent shall have the children for 15 consecutive days, and the offending parent shall have no visitation or communication or with the children other than in the presence of the family therapist.

**Second Offense** – IT IS ORDERED that the targeted parent shall have the children for 30 consecutive days and the offending parent shall have no visitation or communication with the children other than in the presence of the family therapist.

In the Order, the court also scheduled status conferences every four weeks. Neither Father nor his then-attorney attended the first status conference in August 2020. There was testimony at the hearing that Father was not attending therapy, H.C. was not getting along with Mother, and the other three children had become more withdrawn The trial court found that Father had committed his first offense under the Order and directed that Mother would have possession of the children for 15 consecutive days from August 14, 2020, to August 29, 2020, and Father would have no visitation or communication with the children other than in the presence of the family therapist.

On September 24, 2020, the trial court commenced a second status conference, which was continued until October 15, 2020. Father and his new attorneys attended this hearing. At the beginning of the hearing, when Father invoked the Rule, Mother's counsel advised that Haney was Mother's expert. When Father's counsel responded that he thought Haney was the court-appointed therapist, Mother's counsel stated that C4T was the court-appointed therapist. Father's

---

**Third Offense** – IT IS ORDERSD-that the targeted parent shall have the children for 45 consecutive days and the offending parent shall have no visitation or communication with the children other than in the presence of the family therapist.·

**Fourth Offense** – IT IS ORDERED that the targeted parent will have possession of all of the children, and the offending parent will have visitation with the children through the Harris County Domestic Relations Office Supervised Visitation Program or a similar supervised visitation program. The offending parent will be responsible for costs associated with the supervised visitation as well as any and all attorney's fees incurred by targeted parent necessary to implement this Order. ·

counsel insisted that Haney could not be Mother's expert, and Mother's counsel stated that she was not opposed to Haney being put in the breakout room.[2]

There was testimony that Father was engaging in alienating behavior and was not attending therapy. The trial court found that Father had committed a second offense as defined in the Order and directed that Mother would have the children for 30 consecutive days from October 16, 2020 to November 15, 2020, and Father would have no visitation other than in the presence of the family therapist.

Father brings this original proceeding, contending that the trial court abused its discretion by cutting off his possession of and access to the children, other than in the presence of the family therapist, and that Father does not have an adequate remedy by appeal.

## ANALYSIS

Father asserts that Haney was not statutorily qualified to be a parenting coordinator and, even if Haney were qualified, such statutory duties of a parenting coordinator do not allow for recommendations as to possession of and access to the children. *See* Tex. Fam. Code Ann. § 153.606 (setting forth duties of parenting coordinator); *id.* § 153.610 (setting forth qualifications for parenting coordinator). Father, therefore, asserts that the trial court abused its discretion by appointing Haney as parenting coordinator and adopting Haney's recommendations. Father further argues that the current possession order essentially has been modified by Haney's recommendations for consequences for failure to follow her treatment plan without the requisite findings that there has been a material and substantial change

---

[2] The hearing was held via Zoom.

5

of circumstances and that the Order is in the best interest of each child. *See* Tex. Fam. Code Ann. § 156.101.

Ordinarily, to be entitled to a writ of mandamus, a relator must show that the trial court clearly abused its discretion, and that he lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam). "Equity is generally not served by serving an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address." *In re Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Mandamus relief generally requires a predicate request for an action and a refusal of that request. *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) (per curiam); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding). The requirement of a predicate request and adverse ruling is excused when such a request would have been futile and the trial court's refusal would have been little more than a formality. *In re Jarvis*, 431 S.W.3d 129, 139 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). In determining whether a request would have been futile, appellate courts examine whether the request would have added anything new for the court's consideration. *Id.*; *Le*, 335 S.W.3d at 815.

Father argued at the second status hearing that the Order is not valid because it is based on Haney's recommendations, which Haney was not qualified to provide to the court. Father also argued that there had been no requisite finding that the modification of the possession order by the Order, with its no-contact consequences, is in the best interest or for the safety and welfare of the children. However, Father never asked the trial court to vacate or modify the Order based on these assertions at

6

the time of hearing or before he filed his petition in this court. Relator has not shown that asking the trial court to vacate or modify the Order on these grounds would be futile or a mere formality. There is nothing in the record to show that the trial court would have refused relator's request to vacate or modify the Order upon a motion and hearing.

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Poissant.