**Petition for Writ of Mandamus Dismissed and Motions Dismissed and Memorandum Opinion filed July 26, 2021.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-21-00276-CV
_____

## IN RE YU ZHOU AND HANG YU, Relators

_____

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-43015**

_____

## MEMORANDUM OPINION

On May 19, 2021, relators Yu Zhou and Hang Yu filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Mike Engelhart, presiding judge of the 151st District Court of Harris County, to vacate two orders: (1) an order dated March 15, 2021, directing Rongyan Lu be deposed remotely by Zoom while she is located in the People's Republic of China; and

(2) an order dated March 15, 2021, denying relators' second motion to show authority.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Relators bear the burden of demonstrating their entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). This burden includes providing this court with a record sufficient to make that showing. *See Walker*, 827 S.W.2d at 837 (stating that it is relator's burden to provide a record sufficient to establish her entitlement to mandamus relief); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (stating that "[t]hose seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record.") (footnote omitted).

By order dated June 25, 2021, the court gave relators notice that their petition would be dismissed unless the deficiencies in the petition and record were corrected. Relators submitted an amended petition; however, relators failed to correct the deficiencies with the record. Insofar as the record is incomplete, relators have failed to establish an abuse of discretion. Accordingly, we dismiss relators' petition for writ of mandamus.

We further order real parties' motion to dismiss, the real parties' motion for an extension of time to respond, and relators' motion to expedite mandamus are dismissed as moot.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Spain.