**Order filed March 10, 2022.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-22-00005-CV**

---

**IN RE CAROLYN E. DOUGLAS, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF INTEGRA WEALTH ADVISORS, LLC, Relators**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-77058**

---

## ORDER

On January 6, 2022, relators Carolyn E. Douglas, individually and derivatively on behalf of Integra Wealth Advisors, LLC filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this Court to compel the Honorable Fredericka Phillips, presiding judge of the 61st District Court of Harris County, to vacate the trial court's December 17, 2021 order, denying relators' request to temporarily lift the stay and hold a hearing on its application for temporary injunction.

Relator must file with the petition a sufficient record to establish the right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (stating that "[t]hose seeking the extraordinary remedy of mandamus

must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record.") (footnote omitted)).

Relators' petition and appendix do not comply with the Texas Rules of Appellate Procedure. In support of relators' mandamus, relators provided the Court with various documents; however, relators did not include a verification that relators filed with their petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." Tex. R. App. P. 52.7(a)(1). Relators also did not verify that relators filed with their petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding . . . or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a)(2). By this order, the Court gives relators notice that the petition will be dismissed unless relators supplement and/or amend the petition to addresses the record issues identified above on or before March 18, 2022.

The court requests that the real parties in interest in the underlying matter file a response to the petition for writ of mandamus on or before April 15, 2022. *See* Tex. R. App. P. 52.4, 52.8(b)(1).

PER CURIAM

Panel consists of Justices Wise, Spain, and Hassan.