

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-24-00369-CR**

**IN RE JASON PAUL OEHME**

**Original Proceeding**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 24-002456-CV-361**

## MEMORANDUM OPINION

Relator filed a *pro se* petition for writ of mandamus asking this Court to compel

Respondent, the Honorable Judge David Hilburn of the 361st District Court of Brazos

County, to vacate an order denying Relator's pre-trial "Motion to Reduce Bond/Writ of

Habeas Corpus Seeking Bond Reduction" and to require Respondent to grant a personal

recognizance bond to Relator.

To be entitled to mandamus relief, a relator must demonstrate that (1) he has no

other adequate remedy at law, and (2) the act sought to be compelled is ministerial. *In re*

*State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). To meet this burden, Rule

52.7(a) of the Texas Rules of Appellate Procedure requires the relator to file with his mandamus petition a certified or sworn copy of every document that is material to his claim for relief, as well as a properly authenticated transcript of any relevant testimony from the underlying proceeding or a statement that no testimony was adduced. *See* TEX. R. APP. P. 52.7(a). "Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Among other procedural deficiencies, Relator has failed to file a record or an appendix with his petition. *See* TEX. R. APP. P. 52.7(a), 52.3(k). Though Relator has provided handwritten assertions of fact that he has sworn are true and correct, he has not included a copy of his motion, a copy of the order complained of, a transcript of the hearing on his motion, or any other relevant documentation material to his claim for relief.

Additionally, the petition is missing the following: a list identifying parties and counsel, a table of contents, an index of authorities, and a certificate of service demonstrating service on Respondent and on the State as a real party in interest. *See* TEX. R. APP. P. 9.5, 52.2, 52.3(a)-(c). Further, because Relator did not include a record or an appendix, the petition is not supported by citations to competent evidence. *See id.* at R. 52.3(g), (h). Finally, though Relator includes a verification that the statements contained in the petition for writ of mandamus are true and correct and within his personal

knowledge, such verification does not comply with Rule 52.3(j) requiring certification that "every factual statement in the petition is supported by competent evidence included in the appendix or record." *Id.* at R. 52.3(j).

Moreover, because we have not seen the motion, the trial court's order, and the hearing record, we cannot determine that the order is properly reviewable by mandamus. Relator refers to his motion as both a "motion to reduce bond" and a "writ of habeas corpus seeking bond reduction." To the extent Relator seeks to challenge the trial court's denial of a habeas application requesting a bond reduction on the merits of his claim, Relator cannot do so through a writ of mandamus. The appropriate procedural avenue for such a challenge is through a direct appeal. *See Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991).

Because Relator has failed to file the record required by Rule 52.7(a) and failed to demonstrate his entitlement to the relief requested, we deny Relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.7(a); *In re Parmer*, No. 14-08-00856-CV, 2008 Tex. App. LEXIS 7206, 2008 WL 4367295, at *1-2 (Tex. App.—Houston [14th Dist.] Sept. 25, 2008, orig. proceeding) (mem. op.); *In re Cruz*, 13-24-00469-CR, 2024 Tex. App. LEXIS 7031, 2024 WL 4363345, at *3-4 (Tex. App.—Corpus Christi—Edinburg Sept. 30, 2024, orig. proceeding) (mem. op., not designated for publication).

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
(Chief Justice Gray concurs)
Petition denied
Opinion delivered and filed December 12, 2024
Do not publish
[OT06]

